**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| Daniel Stewart, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. 3:21-cv-89 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| David W. Martin, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ENTRY AND ORDER DENYING PLAINTIFFS DANIEL STEWART AND RACHEL KOSOFF'S MOTION FOR FINAL JUDGMENT ON COUNTS I AND II OF THE FIRST AMENDED COMPLAINT (DOC. NO. 78)**

Presently before the Court is Plaintiffs Daniel Stewart and Rachel Kosoff's Motion for Final Judgment on Counts I and II of the First amended Complaint ("Motion"). (Doc. No. 78.) Plaintiffs Daniel Stewart and Rachel Kosoff (collectively, "Plaintiffs") ask this Court to: (1) enter judgment on damages as to Count I, breach of trust, and Count II, breach of fiduciary duty; (2) award Plaintiffs their costs, fees, and reasonable attorney's fees; and, (3) enter final judgment on Counts I and II and certify those counts for appeal pursuant to Fed. R. Civ. P. 54 (b). (Doc. No. 78.)

For the reasons explained below, the Court **DENIES** the Motion.

**I.   BACKGROUND**

This matter stems from disputes involving a Second Restatement of Declaration of Trust ("Trust") executed by Lester Martin ("Lester") on May 15, 1990, which was subsequently restated in 1995 and 2002. (Doc. No. 54-1.) The Trust provided that, upon Lester's death, the Trust's assets would be divided evenly among his living children and the offspring of his deceased

1

children. (Doc. No. 54-1 at PageID 333.) Lester and his wife, who predeceased him, had five children: David Martin ("David"), Betsy Martin Smith, Janet Bertolino, Susan Weinert, and Sarah Stewart.[1] (Doc. No. 54 at PageID 301-02; Doc. No. 55 at PageID 373-74; Doc. No. 56 at PageID 392.) Sarah Stewart died on April 3, 2011 and is survived by Plaintiffs, her two children. (*Id*.) Lester also had eleven other grandchildren: Jessica Martin Bryan, Andrew Bertolino, Christina Martin, Dominic Bertolino, Kathryn Martin, Elizabeth Bertolino, Sam Martin, Ellie D. Smith, Hannah Weinert, Christopher M. Smith, and Callie Weinert (together, "Grandchildren Beneficiaries").[2]

On February 20, 2018, Lester executed a First Amendment of the Trust, appointing David as successor trustee. (Doc. No. 54-1 at PageID 358-59.) On the same day, Lester resigned as trustee and David accepted his appointment as trustee. (*Id*. at PageID 360-61.) Also on February 20, 2018, Lester executed a Durable Power of Attorney ("POA") in which he granted power of attorney to David. (Doc. No. 54-2.)

### A. Trust Payments

Over the course of 2019 and 2020, David made several distributions from the Trust to Plaintiffs and Sibling Beneficiaries and Grandchildren Beneficiaries (collectively, "Beneficiary Defendants"), including:

2019

- April 28, 2019:
    - $165,000 to Grandchildren Beneficiaries ($15,000 each).
- December 15, 2019:

---

[1] Betsy Martin Smith, Janet Bertolino, and Susan Weinert are herein referred to as "Sibling Beneficiaries."
[2] David Martin ("David"), Betsy Martin Smith, Janet Bertolino, Susan Weinert, Jessica Martin Bryan, Andrew Bertolino, Christina Martin, Dominic Bertolino, Kathryn Martin, Elizabeth Bertolino, Sam Martin, Ellie D. Smith, Hannah Weinert, Christopher M. Smith, and Callie Weinert are herein referred to collectively as "Defendants."

2

- - $8 million to David and Sibling Beneficiaries ($2,000,000 each).
  - $1.1 million to Grandchildren Beneficiaries ($100,000 each).
  - $200,000 to Plaintiffs ($100,000 each).

2020

- March 6, 2020:
  - $3 million to David and Sibling Beneficiaries ($750,000 each).
  - $165,000 to Grandchildren Beneficiaries ($15,000 each).
- March 10, 2020:
  - $800,000 to David and Sibling Beneficiaries ($200,000 each).
  - $400,000 to 2012 trusts for the benefit of Plaintiffs ($200,000 each).
  - $100,000 to Plaintiffs ($50,000 each).

(Doc. No. 54 at PageID 306-07; Doc. No. 55 at PageID 377; Doc. No. 56 at PageID 395.)

Lester died on March 13, 2020.  (Doc. No. 54 at PageID 308; Doc. No. 55 at PageID 378; Doc. No. 56 at PageID 395.)

### B. Procedural Background

Plaintiffs filed their Complaint on March 11, 2021 (Doc. No. 1) and subsequently filed a First Amended Complaint ("Amended Complaint") on December 22, 2021 (Doc. No. 54). Plaintiffs allege claims of breach of trust; breach of fiduciary duty; conversion; intentional interference with an expectancy of inheritance; constructive trust; recission of the authorization or direction of distributions from trust for lack of capacity; recission of authorization or direction of distributions from the trust for undue influence; recission of the power of attorney for lack of capacity; and, recission of the power of attorney for undue influence. (Doc. No. 54 at PageID 308-24.)  The Parties ultimately filed opposing motions for summary judgment.  (Doc. Nos. 63, 70,

3

73). The Court entered judgment in favor of Plaintiffs on Count I, breach of trust, and Count II, breach of fiduciary duty, but deferred ruling on damages. (Doc. No. 77 at PageID 1308.) The Court also dismissed Plaintiffs' Count V, constructive trust, and denied summary judgment on all other remaining counts. (*Id*.) Thus, the remaining claims are: conversion; intentional interference with an expectancy of inheritance; recission of the authorization or direction of distributions from trust for lack of capacity; recission of authorization or direction of distributions from the trust for undue influence; recission of the power of attorney for lack of capacity; and, recission of the power of attorney for undue influence. (Doc. No. 54 at PageID 312-24.)

On May 24, 2023, Plaintiffs filed the present Motion. (Doc. No. 78.) Defendants filed their opposition on June 28, 2023 (Doc. No. 80), and Plaintiffs filed their reply on July 12, 2023 (Doc. No. 81). This matter is fully briefed and ripe for review and decision.

## II. ANALYSIS

Plaintiffs' Motion seeks three rulings from this Court. First, Plaintiffs seek an entry granting them damages under Counts I and II. (Doc. No. 78 at PageID 1310-12.) Second, Plaintiffs seek the costs, expenses, and attorney's fees incurred by Plaintiffs. (*Id*. at PageID 1312-14.) Third, pursuant to Rule 54(b), Plaintiffs seek an entry of final judgment as to Counts I and II and a finding that there is no just reason to delay appeal of those judgments. (*Id*. at PageID 1314-18.)

### A. Summary Judgment on Damages

Plaintiffs first argue that they are entitled to judgment on damages related to Count I, breach of trust, and Count II, breach of fiduciary duty. (Doc. No. 78 at PageID 1310.) Plaintiffs also argue that Defendants did not object or respond to Plaintiffs' request for damages, meaning there is no genuine issue of material fact. (*Id*. at PageID 1312.) In response, Defendants argue that a

4

genuine issue of material fact exists because the amount of damages has not been quantified. (Doc. No. 80 at PageID 1326.) Specifically, Defendants argue that Plaintiffs have been earning interest on the amounts placed into their respective trust funds by David and awarding Plaintiffs a sum that does not account for this interest would result in a windfall. (*Id*. at PageID 1327-28.) Plaintiffs reply that Defendants waived these arguments becuase they were not raised during summary judgment briefing. (Doc. No. 81 at PageID 1340.)

"The Sixth Circuit has consistently explained that '[f]ailure by a [party] to respond to a motion for summary judgment constitutes a forfeiture of the claims to which the motion is addressed.'" *Navarro v. Proctor & Gamble Co.*, 515 F. Supp. 3d 718, 775 (S.D. Ohio 2021) (quoting *Rogers v. Mich. Dep't of Corr.*, No. 1:17-cv-383, 2019 U.S. Dist. LEXIS 52681, at *2, 2019 WL 1388677, at *1 (W.D. Mich. Mar. 6, 2019)). However, "the Court still has an independent obligation to ensure that [the moving party] has met [its] burden to establish no dispute of material fact…." *Navarro*, 515 F. Supp. 3d at 775 (citing *Guarino v. Brookfield Tp. Trs.*, 980 F.2d 399, 405–07 (6th Cir. 1992)); *see also F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 630 (6th Cir. 2014) (finding the court "may not grant [p]laintiff's unopposed motion for summary judgment without conducting its own, searching review").

The most readily apparent issue that exists with Plaintiffs' damages calculation is the fact that each of the Plaintiffs received $200,000 in their respective trust accounts pursuant to David's improper distributions. Presumably, those trusts have been accruing interest over the past three years that would not have accrued if Plaintiffs had simply received the money as part of a distribution after Lester's death. It is well-established under Ohio law that, "the damages awarded should not place the injured party in a better position than that party would have enjoyed had the wrongful conduct not occurred." *Triangle Props., Inc. v. Homewood, Corp.*, 2013-Ohio-3926, ¶

5

52, 3 N.E.3d 241, 255 (Ohio Ct. App. 2013) (citing *Collini v. Cincinnati*, 87 Ohio App.3d 553, 556, 622 N.E.2d 724, 726 (Ohio Ct. App. 1993)).  A failure to account for the interest earned by Plaintiffs on the improperly distributed funds could result in a windfall.

Indeed, Plaintiffs were also able to take out a percentage of the funds in their trusts.  (Doc. No. 70-1 at PageID 920-21; Doc. No. 70-2 at PageID 926-27.)  Plaintiffs have not accounted for the amount of money they have removed from their trusts in the past three years and what percentage of that amount is attributable to the funds improperly placed in the trust by David.  Simply ordering the trusts to pay out $200,000 to each of the Plaintiffs, as they suggest, could lead to windfall as Plaintiffs may have already withdrawn some portion of the original $200,000 placed in their trusts by David.

Moreover, calculating the amount of interest Plaintiffs have earned is complicated by the fact that other funds were present in the respective trusts.  The amount of interest earned by the $200,000 improperly placed in the trusts by David and the portion of the $200,000 each Plaintiff has removed from their respective trusts over the past three years may involve complex calculations.  Expert testimony is almost certainly needed to clarify these points.

Plaintiffs raise several arguments regarding the interest earned on the amounts in their trust.  The Court need only address the two relevant arguments.  Plaintiffs argue that cash can be placed in interest bearing accounts.  (Doc. No. 81 at PageID 1341.)  Without further explanation, the Court can only assume that Plaintiffs mean the money that was improperly placed in the trust could have been placed in interest bearing accounts that would have yielded the same percentage earned from the trust.  This is surely a matter that requires further evidence and a decision by the finder of fact.

Plaintiffs further argue that since this Court has ruled the money placed in the trusts was

6

improperly distributed, Defendants cannot argue that Plaintiffs benefited by earning interest on the withheld funds. (Doc. No. 81 at PageID 1341.) However, as explained above, allowing Plaintiffs to receive the full amount they should have received from Lester's trust plus the interest from the amounts improperly placed in their trusts could place them in "a better position than that party would have enjoyed had the wrongful conduct not occurred." *Triangle Props.*, 2013-Ohio-3926, at ¶ 52 (citing *Collini*, 87 Ohio App.3d at 556).

The Court finds that Plaintiffs have failed to meet their burden on damages and denies the Motion to the extent it seeks an award of damages.

### B. Award of Attorney's Fees, Costs, and Expenses

Plaintiffs next move this Court to enter a judgment against David for attorney's fees, costs, and expenses. (Doc. No. 78 at PageID 1312-14.) In response, Defendants argue that Plaintiffs are not entitled to attorney's fees and expenses because Plaintiffs have not shown that under the relevant statute, Ohio Rev. Code § 5810.04, this litigation has benefited the trust or that David acted with malice in deviating from the terms of Lester's trust. (Doc. No. 80 at PageID 1330-31.)

As Plaintiffs recognize in their Motion, S.D. Ohio Civ. R. 54.1 requires a party "to file a bill of costs" within forty-five days of the entry of judgment. Local Rule 54.1 also provides that "[a] bill of costs must be prepared on Form AO 133," and that, "[t]he Clerk shall tax costs after all parties have had an opportunity to be heard on the bill of costs." Additionally, S.D. Ohio Civ. R. 54.2(a) provides, "[u]nless statute or court order provides otherwise, a motion for attorney's fees under Fed. R. Civ. P. 54 must be filed not later than forty-five days after the entry of judgment."

As an initial matter, the Court finds that Plaintiffs have not complied with Local Rule 54.1 as they have not submitted Form AO 133 for briefing and review by the Clerk. To the extent Plaintiffs seek leave to make such a filing under Local Rule 54.1 or seek attorney's fees under

7

Local Rule 54.2, the Court finds that a filing for costs and a motion for an award of attorney's fees would be premature.

Therefore, the Court denies the Motion to the extent it seeks an award of attorney's fees, costs, and expenses.

### C. Entry of Final Judgment Under Rule 54(b)

Plaintiffs finally ask the Court to enter final judgment on Counts I and II and find that there is no just reason to delay appeal of the judgments under Rule 54(b).  (Doc. No. 78 at PageID 1314.)  In response, Defendants argue that a Rule 54(b) ruling would "result in protracted litigation and an overuse of judicial resources."  (Doc. No. 80 at PageID 1331-32.)

"[T]he court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).  As explained above, the issue of damages remains outstanding in this matter and requires a determination by the finder of fact.  The Court will not enter final judgment where the issue of damages is outstanding and finds that a determination on the question of damages presents a just reason for delay in entry of a final judgment.

Therefore, the Court denies the Motion to the extent it seeks a ruling under Rule 54(b).

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiffs Daniel Stewart and Rachel Kosoff's Motion for Final Judgment on Count I and II of the First amended Complaint (Doc. No. 78).

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, July 27, 2023.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
