UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| Daniel Stewart, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. 3:21-cv-89 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| David W. Martin, *et al.*, | : | |
| | : | |
| Defendants. | : | |

---

**ENTRY AND ORDER DENYING PLAINTIFFS DANIEL STEWART AND RACHEL KOSOFF'S MOTION FOR RECONSIDERATION AND/OR CLARIFICATION OF JULY 27, 2023 ORDER AND FOR OTHER RELIEF (DOC. NO. 83)**

---

Presently before the Court is Plaintiffs Daniel Stewart and Rachel Kosoff's Motion for Reconsideration and/or Clarification of July 27, 2023 Order and For Other Relief ("Motion"). (Doc. No. 83.)  Plaintiffs Daniel Stewart and Rachel Kosoff (collectively, "Plaintiffs") ask this Court to: (1) enter judgment on damages as to Count I, breach of trust, and Count II, breach of fiduciary duty; (2) allow the parties to conduct limited discovery for the purposes of a motion for attorneys' fees and bill of costs; and, (3) enter final judgment on Counts I and II and certify those counts for appeal pursuant to Fed. R. Civ. P. 54(b).  (Doc. No. 83 at PageID 1363.)  In the alternative, Plaintiffs ask the Court to clarify the issues on which an expert may be necessary and for an order granting Plaintiffs time to produce documents and disclose an expert on such issues. (*Id*. at PageID 1363-64.)

For the reasons explained below, the Court **DENIES** the Motion.

I.      **BACKGROUND**

This matter stems from disputes involving a Second Restatement of Declaration of Trust ("Trust") executed by Lester Martin ("Lester") on May 15, 1990, which was subsequently restated in 1995 and 2002. (Doc. No. 54-1.) The Trust provided that, upon Lester's death, the Trust's assets would be divided evenly among his living children and the offspring of his deceased children. (Doc. No. 54-1 at PageID 333.) Lester and his wife, who predeceased him, had five children: David Martin ("David"), Betsy Martin Smith, Janet Bertolino, Susan Weinert, and Sarah Stewart.[1] (Doc. No. 54 at PageID 301-02; Doc. No. 55 at PageID 373-74; Doc. No. 56 at PageID 392.) Sarah Stewart died on April 3, 2011 and is survived by Plaintiffs, her two children. (*Id*.) Lester also had eleven other grandchildren: Jessica Martin Bryan, Andrew Bertolino, Christina Martin, Dominic Bertolino, Kathryn Martin, Elizabeth Bertolino, Sam Martin, Ellie D. Smith, Hannah Weinert, Christopher M. Smith, and Callie Weinert (together, "Grandchildren Beneficiaries").[2]

On February 20, 2018, Lester executed a First Amendment of the Trust, appointing David as successor trustee. (Doc. No. 54-1 at PageID 358-59.) On the same day, Lester resigned as trustee and David accepted his appointment as trustee. (*Id*. at PageID 360-61.) Also on February 20, 2018, Lester executed a Durable Power of Attorney ("POA") in which he granted power of attorney to David. (Doc. No. 54-2.)

A. **Trust Payments**

Over the course of 2019 and 2020, David made several distributions from the Trust to Plaintiffs and Sibling Beneficiaries and Grandchildren Beneficiaries (collectively, "Beneficiary

---

[1] Betsy Martin Smith, Janet Bertolino, and Susan Weinert are herein referred to as "Sibling Beneficiaries."
[2] David Martin ("David"), Betsy Martin Smith, Janet Bertolino, Susan Weinert, Jessica Martin Bryan, Andrew Bertolino, Christina Martin, Dominic Bertolino, Kathryn Martin, Elizabeth Bertolino, Sam Martin, Ellie D. Smith, Hannah Weinert, Christopher M. Smith, and Callie Weinert are herein referred to collectively as "Defendants."

Defendants"), including:

2019

- April 28, 2019:
    - $165,000 to Grandchildren Beneficiaries ($15,000 each).
- December 15, 2019:
    - $8 million to David and Sibling Beneficiaries ($2,000,000 each).
    - $1.1 million to Grandchildren Beneficiaries ($100,000 each).
    - $200,000 to Plaintiffs ($100,000 each).

2020

- March 6, 2020:
    - $3 million to David and Sibling Beneficiaries ($750,000 each).
    - $165,000 to Grandchildren Beneficiaries ($15,000 each).
- March 10, 2020:
    - $800,000 to David and Sibling Beneficiaries ($200,000 each).
    - $400,000 to 2012 trusts for the benefit of Plaintiffs ($200,000 each).
    - $100,000 to Plaintiffs ($50,000 each).

(Doc. No. 54 at PageID 306-07; Doc. No. 55 at PageID 377; Doc. No. 56 at PageID 395.)

Lester died on March 13, 2020.  (Doc. No. 54 at PageID 308; Doc. No. 55 at PageID 378; Doc. No. 56 at PageID 395.)

### B. Procedural Background

Plaintiffs filed their Complaint on March 11, 2021 (Doc. No. 1) and subsequently filed a First Amended Complaint ("Amended Complaint") on December 22, 2021 (Doc. No. 54). Plaintiffs allege claims of breach of trust; breach of fiduciary duty; conversion; intentional

interference with an expectancy of inheritance; constructive trust; recission of the authorization or direction of distributions from trust for lack of capacity; recission of authorization or direction of distributions from the trust for undue influence; recission of the power of attorney for lack of capacity; and, recission of the power of attorney for undue influence. (Doc. No. 54 at PageID 308-24.) The Parties ultimately filed opposing motions for summary judgment. (Doc. Nos. 63, 70, 73). The Court entered judgment in favor of Plaintiffs on Count I, breach of trust, and Count II, breach of fiduciary duty, but deferred ruling on damages. (Doc. No. 77 at PageID 1308.) The Court also dismissed Plaintiffs' Count V, constructive trust, and denied summary judgment on all other remaining counts. (*Id*.) Thus, the remaining claims are: conversion; intentional interference with an expectancy of inheritance; recission of the authorization or direction of distributions from trust for lack of capacity; recission of authorization or direction of distributions from the trust for undue influence; recission of the power of attorney for lack of capacity; and, recission of the power of attorney for undue influence. (Doc. No. 54 at PageID 312-24.)

On May 24, 2023, Plaintiffs filed Plaintiffs Daniel Stewart and Rachel Kosoff's Motion for Final Judgment on Count I and II of the First Amended Complaint ("Motion for Final Judgment"). (Doc. No. 78.) In the Motion for Final Judgment Plaintiffs asked the Court to: (1) enter judgment on damages as to Count I, breach of trust, and Count II, breach of fiduciary duty; (2) award Plaintiffs their costs, fees, and reasonable attorney's fees; and, (3) enter final judgment on Counts I and II and certify those counts for appeal pursuant to Fed. R. Civ. P. 54 (b). (Doc. No. 78.) On July 27, 2023, the Court denied the Motion for Final Judgment. (Doc. No. 82.) In so doing, the Court found that questions of fact remained regarding the amount of damages. (*Id*.) Specifically, the Court found that a failure to account for interest earned by Plaintiffs on the money improperly placed in their trust accounts may result in a windfall. (*Id*. at PageID 1354-55.) The

Court further held that a failure to account for the amount of money Plaintiffs had removed from the trusts over the preceding three years may similarly result in a windfall. (*Id*. at PageID 1355.)

On August 11, 2023, Plaintiffs filed the present Motion. (Doc. No. 83.) Defendants filed their opposition on August 22, 2023 (Doc. No. 84), and Plaintiffs filed their reply on August 25, 2023 (Doc. No. 85). This matter is fully briefed and ripe for review and decision.

## II. ANALYSIS

Plaintiffs' Motion seeks reconsideration of the Court's order regarding interest earned on the amounts improperly placed in their trust accounts and the amounts removed from the trust by Plaintiffs over the past three years. Plaintiffs' Motion argues that the fact their individual trust accounts have been accruing interest does not constitute a windfall. (Doc. No. 83 at PageID 1359-61.) Additionally, Plaintiffs argue that transferring the entire $200,000 out of each of Plaintiffs trust accounts does not constitute a windfall. (*Id*. at PageID 1361-62.) In the alternative, Plaintiffs seek clarification from the Court on the scope of expert testimony and the reopening of discovery.[3] (*Id*. at PageID 1362-63.)

### A. Reconsideration of the Interest and Transfer Windfalls

District Courts have the authority under common law and Fed. R. Civ. P. 54(b) to reconsider an interlocutory order prior to final judgment. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). However, "'courts will [only] find jurisdiction for reconsidering interlocutory orders where there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice.'" *Dunham v. Sheets*, No. 1:13-cv-226, 2015 U.S. Dist. LEXIS 61330, at *4,

---

[3] Plaintiffs Motion also seeks leave to file a motion for attorney's fees forty-five days after judgment. (Doc. No. 83 at PageID 1363.) Leave to file a motion for attorney's fees is not necessary. Plaintiffs must simply file their motion within forty-five days of entry of judgment in accordance with S.D. Ohio Civ. R. 54.1.

2015 WL 2194755, at *2 (S.D. Ohio May 11, 2015) (quoting *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009)). "To establish manifest injustice a moving party must 'show that there exist[s] a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy.'" *Gibson v. Yaw*, No. 1:22-cv-773, 2023 U.S. Dist. LEXIS 62130, at *7, 2023 WL 2837200, at *3 (S.D. Ohio Apr. 7, 2023) (quoting *United States v. Carney*, No. 3:21-cv-98, 2022 U.S. Dist. LEXIS 39503, at *4, 2022 WL 678648, at *2 (W.D. Tenn. Mar. 4, 2022)), adopted by, *Gibson v. Yaw*, No. 1:22-cv-773, 2023 U.S. Dist. LEXIS 92364, 2023 WL 3652386 (S.D. Ohio Apr. 7, 2023). "Furthermore, a court will not find manifest injustice when the moving party simply reargues the issues that were not previously successful." *Nayyar v. Mt. Carmel Health Sys.*, Nos. 2:10–cv–135, 2:12–cv–189, 2014 U.S. Dist. LEXIS 19916, at *7, 2014 WL 619394, at *3 (S.D. Ohio Feb. 18, 2014) (citing *Render v. Forest Park Police Dept.*, No. 1:07-cv-489, 2009 U.S. Dist. LEXIS 61344, 2009 WL 2168783 (S.D. Ohio July 26, 2009)).

Plaintiffs do not contend that there has been a change in law or that new evidence has come to light, therefore, the Court will look to whether there is "a need to correct a clear error or prevent manifest injustice."

As an initial matter, Plaintiff argues "a windfall for one party implies a loss to another" and cites to *Triangle Properties, Inc. v. Homewood Corp.*, 2013-Ohio-3926, ¶51, 3 N.E.3d 241, 255 (Ohio Ct. App. 2013) and *MCI Worldcom Network Servs., Inc. v. W.M. Brode Co.*, 413 F. Supp. 2d 868, 870 (N.D. Ohio 2005). (Doc. No. 83 at PageID 1360.) While the factual proposition is correct in those two specific cases, Plaintiffs ignore the black letter law in Ohio that both *Triangle Properties* and *MCI* cite. "'In making a party injured by wrongful conduct whole, the damages awarded should not place the injured party in a better position than that party would have enjoyed

6

had the wrongful conduct not occurred.'" *MCI*, 413 F. Supp. 2d at 871 (quoting *Collini v. Cincinnati*, 87 Ohio App.3d 553, 556, 622 N.E.2d 724, 726 (Ohio Ct. App. 1993)); *Triangle Properties*, 2013-Ohio-3926 at ¶52 (citing *Collini*, 87 Ohio App.3d at 556). The case law considers whether the *injured party* would be in a better position than they would have been without the wrongful conduct, not the position of the party paying for the wrongful conduct. The question is whether Plaintiffs will be placed in a better position than they ought to be.

Plaintiffs' remaining arguments regarding the interest earned on the trust accounts and the amounts withdrawn from the trusts over the prior three years are more expansive reiterations of the same arguments previously made to the Court. The Court finds that Plaintiffs' arguments are nothing more than a disagreement with Court's findings and sees no need to reiterate its prior analysis. The Court finds that there is no clear error or manifest injustice.

### B. Clarification

Plaintiffs next seek a clarification with respect to expert testimony. (Doc. No. 83 at PageID 1362.) Plaintiffs argue that several questions arise regarding expert testimony on interest. (*Id*.) Plaintiffs specifically identify two questions: "[1] would expert testimony also be needed to calculate what Plaintiffs would have made if the money was paid to them directly," and, "[2] if the amount Plaintiffs would have made is more than they earned in the trusts, would that amount increase David's liability." (*Id*.) Plaintiffs bear the burden of providing the nature and extent of their damages. *Akro-Plastics v. Drake Indus.*, 115 Ohio App. 3d 221, 226, 685 N.E.2d 246, 250 (Ohio Ct. App. 1996) (citing *Columbus Fin. v. Howard*, 42 Ohio St. 2d 178, 184, 327 N.E.2d 654, 658-59 (Ohio 1975)). The Court identified the issues to be decided by the trier of fact in its prior order: the amount of interest earned by Plaintiffs on the amounts placed in their trusts and the amount removed by Plaintiffs from those trusts. (Doc. No. 82 at PageID 1354-56.) It is up to

7

Plaintiffs to prove the nature and extent of their damages. To the extent either party believes an expert's testimony is admissible or inadmissible, that issue would be appropriately raised in a motion *in limine*. At this point, however, Plaintiffs raise speculative questions that invite the Court to issue an advisory opinion on how Plaintiffs should pursue meeting their burden. The Court declines to do so.

### C. Expert Discovery

Plaintiffs further ask the Court for an order, "granting them time to consider the issues and potentially produce trust documents and statements and disclose an expert." (Doc. No. 83 at PageID 1363.) Defendants oppose such a request to the extent it seeks to reopen discovery for a second round of expert disclosures. (Doc. No. 84 at PageID 1368.)

The Court finds, pursuant to Fed. R. Civ. P. 16(b)(4), that Plaintiffs' Motion has not shown that good cause exists to modify the case schedule.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiffs Daniel Stewart and Rachel Kosoff's Motion for Reconsideration and/or Clarification of July 27, 2023 Order and For Other Relief (Doc. No. 83).

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, September 8, 2023.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE