UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| Daniel Stewart, *et al.*, : | |
| : | |
| Plaintiffs, : | Case No. 3:21-cv-89 |
| : | |
| v. : | Judge Thomas M. Rose |
| : | |
| David W. Martin, *et al.*, : | |
| : | |
| Defendants. : | |

**ENTRY AND ORDER DISMISSING COUNTS VI-IX OF THE FIRST AMENDED COMPLAINT (DOC. NO. 54) WITH PREJUDICE AND ORDERING DEFENDANTS TO FILE A BRIEF ADDRESING PLAINTIFFS' DANIEL STEWART AND RACHEL KOSOFF'S MOTION TO DISMISS PARTIES PURSUANT TO RULE 21 AND TO AMEND COMPLAINT (DOC. NO. 109)**

Presently before the Court is the procedural disposition of Counts VI-IX of the First Amended Complaint ("Amended Complaint") (Doc. No. 54). Counts VI-IX are claims pled in the alternative and seek recission of payments made from the Second Restatement of Trust ("Trust") and certain estate documents due to lack of capacity or undue influence. (*See Id.* at Page ID 315-24.) The Court previously ruled in favor of Plaintiffs Daniel Stewart and Rachel Kosoff (collectively, "Plaintiffs") on Counts I and II of the Amended Complaint for breach of trust and breach of fiduciary duty. (Doc. No. 77 at PageID 1308.) The Court is now left with the determination of whether the alternative claims should proceed to trial, be bifurcated from the remaining claims, be dismissed with prejudice, or be dismissed without prejudice.

For the reasons explained below, the Court **DISMISSES WITH PREJUDICE** the alternative claims contained in Counts VI-IX of the First Amended Complaint (Doc. No. 54).

1

I. **BACKGROUND**

This matter stems from disputes involving a Trust executed by Lester Martin ("Lester") on May 15, 1990, which was subsequently restated in 1995 and 2002. (Doc. No. 54-1.) The Trust provided that, upon Lester's death, the Trust's assets would be divided evenly among his living children and the offspring of his deceased children. (Doc. No. 54-1 at PageID 333.) Lester and his wife, who predeceased him, had five children: David Martin ("David"), Betsy Martin Smith, Janet Bertolino, Susan Weinert, and Sarah Stewart.[1] (Doc. No. 54 at PageID 301-02; Doc. No. 55 at PageID 373-74; Doc. No. 56 at PageID 392.) Sarah Stewart died on April 3, 2011 and is survived by Plaintiffs, her two children. (*Id.*) Lester also had eleven other grandchildren: Jessica Martin Bryan, Andrew Bertolino, Christina Martin, Dominic Bertolino, Kathryn Martin, Elizabeth Bertolino, Sam Martin, Ellie D. Smith, Hannah Weinert, Christopher M. Smith, and Callie Weinert (together, "Grandchildren Beneficiaries").[2]

On February 20, 2018, Lester executed a First Amendment of the Trust, appointing David as successor trustee. (Doc. No. 54-1 at PageID 358-59.) On the same day, Lester resigned as trustee and David accepted his appointment as trustee. (*Id*. at PageID 360-61.) Also on February 20, 2018, Lester executed a Durable Power of Attorney ("POA") in which he granted power of attorney to David. (Doc. No. 54-2.)

Over the course of 2019 and 2020, David made several distributions from the Trust to Plaintiffs, Sibling Beneficiaries, and Grandchildren Beneficiaries, totaling several million dollars. (Doc. No. 54 at PageID 306-07; Doc. No. 55 at PageID 377; Doc. No. 56 at PageID 395.) Lester died on March 13, 2020. (Doc. No. 54 at PageID 308; Doc. No. 55 at PageID 378; Doc. No. 56 at

---

[1] Betsy Martin Smith, Janet Bertolino, and Susan Weinert are herein referred to as "Sibling Beneficiaries."
[2] David Martin ("David"), Betsy Martin Smith, Janet Bertolino, Susan Weinert, Jessica Martin Bryan, Andrew Bertolino, Christina Martin, Dominic Bertolino, Kathryn Martin, Elizabeth Bertolino, Sam Martin, Ellie D. Smith, Hannah Weinert, Christopher M. Smith, and Callie Weinert are herein referred to collectively as "Defendants."

2

PageID 395.)

A. **Procedural Background**

Plaintiffs filed their Complaint on March 11, 2021 (Doc. No. 1) and subsequently filed an Amended Complaint on December 22, 2021 (Doc. No. 54). Plaintiffs allege claims of breach of trust; breach of fiduciary duty; conversion; intentional interference with an expectancy of inheritance; constructive trust; recission of the authorization or direction of distributions from trust for lack of capacity; recission of authorization or direction of distributions from the trust for undue influence; recission of the power of attorney for lack of capacity; and, recission of the power of attorney for undue influence. (*Id*. at PageID 308-24.) The Parties ultimately filed opposing motions for summary judgment. (Doc. Nos. 63, 70, 73). The Court entered judgment in favor of Plaintiffs on Count I, breach of trust, and Count II, breach of fiduciary duty, but deferred ruling on damages. (Doc. No. 77 at PageID 1308.) The Court also dismissed Plaintiffs' Count V, constructive trust, and denied summary judgment on the other remaining counts. (*Id*.) The remaining claims are as follows:

> Count III: conversion;
> Count IV: intentional interference with an expectancy of inheritance;
> Count VI: recission of the authorization or direction of distributions from trust for lack of capacity;
> Count VII: recission of authorization or direction of distributions from the trust for undue influence;
> Count VIII: recission of the power of attorney for lack of capacity; and,
> Count IX: recission of the power of attorney for undue influence.

(Doc. No. 54 at PageID 308-24.) Counts VI-IX are plead as alternative claims. (*Id*. at PageID 315-24.)

On May 24, 2023, Plaintiffs filed Plaintiffs Daniel Stewart and Rachel Kosoff's Motion for Final Judgment on Count I and II of the First Amended Complaint ("Motion for Final

3

Judgment"). (Doc. No. 78.) In the Motion for Final Judgment Plaintiffs asked the Court to: (1) enter judgment on damages as to Count I, breach of trust, and Count II, breach of fiduciary duty; (2) award Plaintiffs their costs, fees, and reasonable attorney's fees; and, (3) enter final judgment on Counts I and II and certify those counts for appeal pursuant to Fed. R. Civ. P. 54 (b). (Doc. No. 78.) On July 27, 2023, the Court denied the Motion for Final Judgment. (Doc. No. 82.) In so doing, the Court found that questions of fact remained regarding the amount of damages. (*Id*.) Specifically, the Court found that a failure to account for interest earned by Plaintiffs on the money improperly placed in their trust accounts may result in a windfall. (*Id*. at PageID 1354-55.) The Court further held that a failure to account for the amount of money Plaintiffs had removed from the trusts over the preceding three years may similarly result in a windfall. (*Id*. at PageID 1355.)

On November 17, 2023, the Court ordered the Parties to file briefs stating their positions on how "to procedurally dispose of the alternative claims at trial." Plaintiffs filed their brief on December 4, 2023 (Doc. No. 106) and Defendants filed a response on December 11, 2023 (Doc. No. 107).

## II. ANALYSIS

This case presents a fairly unique issue in this Court. As far as the Court can determine, the issue of whether claims of lack of capacity and undue influence that are pled in the alternative are still viable after a finding of breach of trust and breach of fiduciary duty has never before been addressed in this Court or seemingly by an Ohio court.

Plaintiffs assert that there are four possible routes for this Court to take. Those options are:

1. Bifurcate trial, try Counts I-IV first and enter a 54(b) ruling on the verdict.
2. Try all claims.
3. Dismiss Counts VI-IX without prejudice.
4. Dismiss Counts VI-IX with prejudice.

(Doc. No. 106 at PageID 1779.) Plaintiffs argue that bifurcation is the best choice because it will

4

be the most streamlined option and avoid the potential for "jury confusion and nullification." (*Id*. at PageID 1782.) As to a trial on all counts, Plaintiffs presume that the jury would be asked to render a hypothetical verdict on whether Lester lacked capacity or was unduly influenced. (*Id*. at PageID 1781-82.) They further argue that jury instructions on the alternative claims would be confusing and the jurors would not take the decision on a verdict on those claims seriously if they award damages on the breach of trust and fiduciary duty claims. (*Id*.) Regarding the dismissal option, Plaintiffs contend that a dismissal without prejudice would be insufficient because it would not create a final appealable order. (*Id*. at PageID 1780-81.) Moreover, a dismissal with prejudice would, according to Plaintiffs, prevent Plaintiffs from trying the alternative claims in the event an appellate court reverses and remands this matter. (*Id*.)

Defendants argue in opposition that Plaintiffs' concerns over trying the claims together are unfounded. (Doc. No. 108 at PageID 1789-90.) Specifically, Defendants assert that the jury could be directed to focus on Lester's mental capacity, rather than on the distributions themselves. (*Id*.) Moreover, Defendants argue that bifurcation of the claims and the issuing of a Rule 54(b) certification would be inappropriate under Sixth Circuit precedent because all of the claims spring from the same operative facts. (*Id*. at PageID 1790.) Furthermore, Defendants contend the Rule 54(b) factors governing whether there is just reason for delay weigh against certifying any judgment that would result from bifurcation. (*Id*. at PageID 1790-92.) Defendants believe that all claims should be tried together. (*Id*. at PageID 1792.)

The resolution of this issue can be decided by an examination of the nature of Plaintiffs' alternative claims.

Under Fed. R. Civ. P. 8(d)(2), "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones."

5

Within the realm of Rule 8, pleadings are characterized as alternative or hypothetical claims. An alternative claim is, "drafted in terms of 'either-or' propositions," whereas a hypothetical pleading, "is formulated as 'if-then allegations.'" *Gen. Acquisition, Inc. v. GenCorp Inc.*, 766 F. Supp. 1460, 1476 (S.D. Ohio 1990) (citation omitted); *see also* Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1282 (3d ed. 2023). By way of example, hypothetical "if-then" claims, "mainly involve the assertion of one cognizable primary claim and another, alternative and hypothetical, claim that is asserted in the same lawsuit and *is contingent on, and will become cognizable upon*, the resolution of the primary claim in a certain manner." *Crum & Forster Indem. Co. v. Sidelines Tree Servs., LLC*, 557 F. Supp. 3d 616, 624 (W.D. Penn. 2021) (emphasis in original).

An alternative claim, the "either-or" formulation, is predicated on the theory that either the first claim exists because of a condition or, if that condition does not exist, then the second claim is the only viable path forward. *See Lawser v. Poudre Sch. Dist. R-1*, 171 F. Supp. 2d 1155, 1157 (D. Col. 2001) ("the thrust of the plaintiff's alternative claims is that either he had a settlement agreement with the school district which the school district breached by non-performance or, if there was no enforceable settlement, the plaintiff's Constitutional rights were violated").

The most common example of the "either-or" formulation is the pleading of a claim of breach of contract with an alternative pleading of unjust enrichment. For instance, under Ohio law, "a plaintiff may not recover under the theory of unjust enrichment when an express contract covers the same subject." *Bihn v. Fifth Third Mortg. Co.*, 980 F. Supp. 2d 892, 904 (S.D. Ohio 2013) (citing *Wuliger v. Mfrs. Life Ins. Co. (USA)*, 567 F.3d 787, 799 (6th Cir. 2009)). Thus, "'unjust enrichment claims may be pled in the alternative to a breach of contract claim when the existence of a contract is in dispute.'" *Bihn*, 980 F. Supp. 2d at 904 (quoting *Carlquist v. Wells*

*Fargo Bank, N.A.*, No. 1:12-cv-0203, 2012 U.S. Dist. LEXIS 124971, at *18, 2012 WL 3815646 at *6 (N.D. Ohio Sept. 4, 2012)).  The consequence being that when the existence of the contract is proven the unjust enrichment claim is no longer viable because it covers the same subject.

  Plaintiffs' Complaint does not appear to allege that the alternative claims, relating to undue influence and lack of capacity, are contingent upon the resolution of the breach of trust and breach of fiduciary duty claims.  The Court's finding that David breached the trust and his fiduciary duty, as alleged in Counts I-II, do not render Plaintiffs' claims of lack of capacity or undue influence cognizable, so they are clearly not hypothetical claims.  Instead, as plead by Plaintiffs, there was either a trust that was breached *or*, under Counts VI-VII, Lester lacked the capacity to make the distributions from the Trust and he was unduly influenced in doing so.  Similarly, as plead by Plaintiffs, either the Trust was breached *or*, under Counts VIII-IX, Lester lacked the capacity to execute the POA and the Trust and he was unduly influenced in doing so.

  The finding of the Court that David breached the Trust and his fiduciary duty negates the need to address the alternative claims.  To find otherwise would lead to potentially contradictory and duplicative rulings.  If Counts VI-VII are still viable then they would require the Court to invalidate the distributions made by David because Lester lacked the capacity to make those distributions and was unduly influenced in making those distributions.  However, those distributions were already invalidated by a finding that David breached the Trust and his fiduciary duty by failing to make those distributions in accordance with the terms of the Trust.  Similarly, if Counts VIII-IX were still viable claims, then the jury would be finding that the Trust and POA were invalid because Lester lacked the capacity to execute the documents or was unduly influenced in doing so.  This would render the findings of breach of trust and fiduciary duty meaningless.  David could not have breached a Trust that did not validly exist in the first place.  Therefore,

7

Counts VI-IX are inconsistent with the findings the Court has already made pursuant to Counts I-II. Counts VI-IX are alternatively plead "or" claims that are no longer viable because they cover the same content and remedies as the non-alternative claims that the Court has already decided in Plaintiffs favor. *See Buckeye Recyclers v. CHEP USA*, 228 F. Supp. 2d 818, 823 (S.D. Ohio 2002) (finding that alternative claims would need to be dismissed after a favorable finding on two non-alternative claims because the alternative claims could not exist alongside the non-alternative claims).

Plaintiffs argue that if the alternative claims are dismissed with prejudice they will be left without recourse if the appellate court reverses the summary judgment order. If the appellate court determines the summary judgment order was wrongly decided, then the rationale for dismissing the alternative claims with prejudice would need to be reevaluated. The Court need not address that concern at this time.

### A. Plaintiffs' Daniel Stewart and Rachel Kosoff's Motion to Dismiss Parties Pursuant to Rule 21 and to Amend Complaint

In a separate filing, Plaintiffs seek to dismiss the Sibling Beneficiaries and Grandchildren Beneficiaries pursuant to Fed. R. Civ. P. 21 ("Dismissal Motion"). (Doc. No. 109.) The Sibling Beneficiaries and Grandchildren Beneficiaries have opposed this motion, arguing that this litigation has "the potential to directly and significantly impact Defendant Beneficiaries' rights to future distributions of income and principal through the Trust." (Doc. No. 110 at PageID 1801.) They further argue that, theoretically, their interests could become adverse to David's interest. (*Id*.)

The Court recognizes that this Order could significantly impact the calculus of the Sibling Beneficiaries and Grandchildren Beneficiaries and the rationale espoused in their opposition. Therefore, the Sibling Beneficiaries and Grandchildren Beneficiaries shall file a brief on or before

8

Wednesday, January 31, 2024, not to exceed five (5) pages, that states their position on Plaintiffs' Dismissal Motion given the Court's Order here. Plaintiffs shall file a reply to the brief, not to exceed five (5) pages, on or before Friday, February 2, 2024.

### III.     CONCLUSION

For the reasons stated above, the Court **DISMISSES WITH PREJUDICE** the alternative claims contained in Counts VI-IX of the First Amended Complaint (Doc. No. 54).

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, January 25, 2024.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE