UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| Daniel Stewart, *et al.*, | : |
| Plaintiffs, | : Case No. 3:21-cv-89 |
| v. | : Judge Thomas M. Rose |
| David W. Martin, *et al.*, | : |
| Defendants. | : |

**ENTRY AND ORDER BIFURCATING DAMAGES AND ATTORNEY'S FEES**

In the matter presently before the Court, Plaintiffs Daniel Stewart and Rachel Kosoff ("Plaintiffs") seek a jury determination on the amount of damages suffered as a result of Defendant David Martin's ("David") actions. In its order on the Parties' motions for summary judgment, the Court found David was liable for breach of trust and breach of fiduciary duty. (Doc. No. 77.) The only remaining issues before the Court are the questions of damages under Counts I-II and Plaintiffs entitlement to attorney's fees under Ohio Rev. Code § 5810.04.

For the reasons explained below, the Court **BIFURCATES** the issue of damages under Counts I-II of the Amended Complaint from the issue of attorney's fees under Ohio Rev. Code § 5810.04.

**I.    BACKGROUND**

This matter stems from disputes involving a Trust executed by Lester Martin ("Lester") on May 15, 1990, which was subsequently restated in 1995 and 2002. (Doc. No. 54-1.) The Trust provided that, upon Lester's death, the Trust's assets would be divided evenly among his living children and the offspring of his deceased children. (Doc. No. 54-1 at PageID 333.) Lester and

1

his wife, who predeceased him, had five children: David Martin ("David"), Betsy Martin Smith, Janet Bertolino, Susan Weinert, and Sarah Stewart.[1] (Doc. No. 54 at PageID 301-02; Doc. No. 55 at PageID 373-74; Doc. No. 56 at PageID 392.) Sarah Stewart died on April 3, 2011 and is survived by Plaintiffs, her two children. (*Id*.) Lester also had eleven other grandchildren: Jessica Martin Bryan, Andrew Bertolino, Christina Martin, Dominic Bertolino, Kathryn Martin, Elizabeth Bertolino, Sam Martin, Ellie D. Smith, Hannah Weinert, Christopher M. Smith, and Callie Weinert (together, "Grandchildren Beneficiaries").[2]

On February 20, 2018, Lester executed a First Amendment of the Trust, appointing David as successor trustee. (Doc. No. 54-1 at PageID 358-59.) On the same day, Lester resigned as trustee and David accepted his appointment as trustee. (*Id*. at PageID 360-61.) Also on February 20, 2018, Lester executed a Durable Power of Attorney ("POA") in which he granted power of attorney to David. (Doc. No. 54-2.)

Over the course of 2019 and 2020, David made several distributions from the Trust to Plaintiffs, Sibling Beneficiaries, and Grandchildren Beneficiaries, totaling several million dollars. (Doc. No. 54 at PageID 306-07; Doc. No. 55 at PageID 377; Doc. No. 56 at PageID 395.) Lester died on March 13, 2020. (Doc. No. 54 at PageID 308; Doc. No. 55 at PageID 378; Doc. No. 56 at PageID 395.)

### A. Procedural Background

Plaintiffs filed their Complaint on March 11, 2021 (Doc. No. 1) and subsequently filed an Amended Complaint on December 22, 2021 (Doc. No. 54). Plaintiffs alleged claims of breach of trust; breach of fiduciary duty; conversion; intentional interference with an expectancy of

---

[1] Betsy Martin Smith, Janet Bertolino, and Susan Weinert are herein referred to as "Sibling Beneficiaries."
[2] David Martin ("David"), Betsy Martin Smith, Janet Bertolino, Susan Weinert, Jessica Martin Bryan, Andrew Bertolino, Christina Martin, Dominic Bertolino, Kathryn Martin, Elizabeth Bertolino, Sam Martin, Ellie D. Smith, Hannah Weinert, Christopher M. Smith, and Callie Weinert are herein referred to collectively as "Defendants."

2

inheritance; constructive trust; recission of the authorization or direction of distributions from trust for lack of capacity; recission of authorization or direction of distributions from the trust for undue influence; recission of the power of attorney for lack of capacity; and, recission of the power of attorney for undue influence. (*Id*. at PageID 308-24.) The Parties ultimately filed opposing motions for summary judgment. (Doc. Nos. 63, 70, 73). The Court entered judgment in favor of Plaintiffs on Count I, breach of trust, and Count II, breach of fiduciary duty, but deferred ruling on damages. (Doc. No. 77 at PageID 1308.) The Court also dismissed Plaintiffs' Count V, constructive trust, and denied summary judgment on the other remaining counts. (*Id*.)

On May 24, 2023, Plaintiffs filed Plaintiffs Daniel Stewart and Rachel Kosoff's Motion for Final Judgment on Counts I and II of the First Amended Complaint ("Motion for Final Judgment"). (Doc. No. 78.) In the Motion for Final Judgment Plaintiffs asked the Court to: (1) enter judgment on damages as to Count I, breach of trust, and Count II, breach of fiduciary duty; (2) award Plaintiffs their costs, fees, and reasonable attorney's fees; and, (3) enter final judgment on Counts I and II and certify those counts for appeal pursuant to Fed. R. Civ. P. 54 (b). (Doc. No. 78.) On July 27, 2023, the Court denied the Motion for Final Judgment. (Doc. No. 82.) In so doing, the Court found that questions of fact remained regarding the amount of damages. (*Id*.) Specifically, the Court found that a failure to account for interest earned by Plaintiffs on the money improperly placed in their trust accounts may result in a windfall. (*Id*. at PageID 1354-55.) The Court further held that a failure to account for the amount of money Plaintiffs had removed from the trusts over the preceding three years may similarly result in a windfall. (*Id*. at PageID 1355.)

On January 25, 2024, the Court dismissed Counts VI-IX, claims plead in the alternative, with prejudice. (Doc. No. 112.) On February 22, 2024, the Court entered an order by agreement of the Parties, striking Counts III-IV with prejudice, striking the prayer for punitive damages in

Counts I-II with prejudice, and striking the prayer for constructive trust in Counts I-II with prejudice. (Doc. No. 119.) The only remaining issues to be decided in this matter are damages pursuant to Counts I-II and Plaintiffs' entitlement to attorney's fees under Ohio law.

## II.     ANALYSIS

The Court "may order a separate trial of one or more separate issues" in a case, "for convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b); *see also In re Beverly Hills Fire Litig.*, 695 F.2d 207, 216 (6th Cir. 1982) (noting that a court considering bifurcation of a trial "must consider several issues such as potential prejudice to the parties, potential confusion to the jury, and the relative convenience and economy which would result"). "Only one of these criteria need be met to justify bifurcation." *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996). "A decision ordering bifurcation is dependent on the facts and circumstances of each case." *Id*. (citing *Idzojtic v. Pennsylvania Rr. Co.*, 456 F.2d 1228 (3d Cir. 1972)). Rule 42(b) suggests on its own terms that a court may bifurcate a trial on its own motion. *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d at 556.

> Under Ohio Rev. Code § 5810.04:
>
> In a judicial proceeding involving the administration of a trust, including a trust that contains a spendthrift provision, the court, as justice and equity may require, may award costs, expenses, and reasonable attorney's fees to any party, to be paid by another party, from the trust that is the subject of the controversy, or from a party's interest in the trust that is the subject of the controversy.

Ohio courts have held that "attorney fees have been awarded for a breach of fiduciary duty when there is a finding of bad faith." *Jakubs v. Borally*, 2015-Ohio-2696, at ¶ 11 (Ohio Ct. App. 2015) (collecting cases); *see also Cartwright v. Batner*, 15 N.E.3d 401, 423, 2015-Ohio-2995, at ¶ 104 (Ohio Ct. App. 2014) ("Attorney fees would also be permitted regarding the claim for misuse of the power of attorney"); *Bryan v. Chytil*, 2021-Ohio-4082, ¶ 169 (Ohio Ct. App. 2021) (Affirming

4

trial court's decision to deny attorney's fees because trustee's actions were in good faith).

The issue of damages as they pertain to Counts I-II, is limited to determining how much Plaintiffs would be entitled to if the improper distributions had not been made and that money was distributed per the one-fifth formulation in the Trust. This figure may be reduced by any potential windfall, but this remains a question of financial fact for the jury.

On the other hand, Plaintiffs request for attorney's fees under Ohio Rev. Code § 5810.04 involves questions separate and apart from a review of the finances of the Trust and Plaintiffs that will be decided by the Court. Specifically, the Court will need to review David's actions and whether those actions were taken in bad faith. It is apparent from the Parties filings that this will involve the introduction of evidence that goes to showing David's intent. Such evidence, while relevant to the question of bad faith, is irrelevant to the jury's determination on damages, particularly given the dismissal of the request for punitive damages.

Moreover, evidence relating to David's intent would be prejudicial to Plaintiffs' presentation of their damages claim and confusing to the jury. Indeed, as this evidence would be irrelevant, it would be a better use of the Court's and Parties' resources to bifurcate this matter and hear evidence relating to whether David acted in bad faith in a separate proceeding. As such, the Court finds that bifurcating the question of damages under Count I-II from the question of attorney's fees under Ohio Rev. Code § 5810.04 would avoid prejudice, while expediting and economizing the proceedings.

### III. CONCLUSION

For the reasons stated above, the Court **BIFURCATES** the issue of damages under Counts I-II of the Amended Complaint from the issue of attorney's fees under Ohio Rev. Code § 5810.04.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, February 22, 2024.

                                                                 s/Thomas M. Rose
                                         _____
                                                     THOMAS M. ROSE
                                     UNITED STATES DISTRICT JUDGE