UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| Daniel Stewart, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. 3:21-cv-89 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| David W. Martin, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ENTRY AND ORDER GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFFS DANIEL STEWART AND RACHEL KOSOFF'S MOTION *IN LIMINE* #1 TO DIRECT THE JURY AS TO THE COURT'S ORDER ON SUMMARY JUDGMENT AND PRECLUDING DEFENDANTS FROM INTRODUCING EVIDENCE REGARDING DAVID MARTIN'S LIABILITY FOR BREACH OF FIDUCIARY DUTY AND BREACH OF TRUST (DOC. NO. 88); (2) GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFFS DANIEL STEWART AND RACHEL KOSOFF'S MOTION *IN LIMINE* #2 TO PRECLUDE DEFENDANTS FROM INTRODUCING EVIDENCE REGARDING DISTRIBUTIONS MADE FROM THE TRUST PRIOR TO APRIL 2019 (DOC. NO. 89); (3) DENYING PLAINTIFFS DANIEL STEWART AND RACHEL KOSOFF'S MOTION *IN LIMINE* #3 PRECLUDING DEFENDANTS FROM INTRODUCING EVIDENCE THAT PLAINTIFFS RECEIVED A WINDFALL, WERE UNJUSTLY ENRICHED OR THEIR DAMAGES SHOULD BE OFFSET OR LESSENED AS A RESULT OF DAVID MARTIN MAKING PAYMENTS TO PLAINTIFFS' TRUST (DOC. NO. 90); (4) GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFFS DANIEL STEWART AND RACHEL KOSOFF'S MOTION *IN LIMINE* #4 TO PRECLUDE DEFENDANTS FROM INTRODUCING EVIDENCE REGARDING THE COURT'S ORDER ON MOTION FOR FINAL JUDGMENT AND MOTION FOR RECONSIDERATION (DOC. NO. 91); AND, (5) DENYING DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATED TO DAMAGES (DOC. NO. 92)**

Before the Court are multiple motions *in limine* from Plaintiffs Daniel Stewart and Rachel

Kosoff (collectively, "Plaintiffs"), Defendant David Martin ("David"), in his capacity as trustee

1

and in his individual capacity, and the remaining Defendants[1]. Plaintiffs presently have four motions *in limine* before the Court, titled: Plaintiffs Daniel Stewart and Rachel Kosoff's Motion *in Limine* #1 to Direct the Jury as to the Court's Order on Summary Judgment and Precluding Defendants from Introducing Evidence Regarding David Martin's Liability for Breach of Fiduciary Duty and Breach of Trust (Doc. No. 88); Plaintiffs Daniel Stewart and Rachel Kosoff's Motion *in Limine* #2 to Preclude Defendants from Introducing Evidence Regarding Distributions Made from the Trust Prior to April 2019 (Doc. No. 89); Plaintiffs Daniel Stewart and Rachel Kosoff's Motion *in Limine* #3 Precluding Defendants from Introducing Evidence that Plaintiffs Received a Windfall, Were Unjustly Enriched or Their Damages Should Be Offset or Lessened as a Result of David Martin Making Payments to Plaintiffs' Trust (Doc. No. 90); and, Plaintiffs Daniel Stewart and Rachel Kosoff's Motion *in Limine* #4 to Preclude Defendants from Introducing Evidence Regarding the Court's Order on Motion for Final Judgment and Motion for Reconsideration (Doc. No. 91). Also before the Court is Defendants' Motion in Limine to Exclude Evidence Related to Damages (Doc. No. 92).

For the reasons explained below, the Court (1) **GRANTS, IN PART, AND DENIES, IN PART,** Plaintiffs Daniel Stewart and Rachel Kosoff's Motion *in Limine* #1 to Direct the Jury as to the Court's Order on Summary Judgment and Precluding Defendants from Introducing Evidence Regarding David Martin's Liability for Breach of Fiduciary Duty and Breach of Trust (Doc. No. 88); (2) **GRANTS, IN PART, AND DENIES, IN PART,** Plaintiffs Daniel Stewart and Rachel Kosoff's Motion *in Limine* #2 to Preclude Defendants from Introducing Evidence Regarding Distributions Made from the Trust Prior to April 2019 (Doc. No. 89); (3) **DENIES**

---

[1] Betsy Martin Smith, Janet Bertolino, Susan Weinert, Jessica Martin Bryan, Andrew Bertolino, Christina Martin, Dominic Bertolino, Kathryn Martin, Elizabeth Bertolino, Sam Martin, Ellie D. Smith, Hannah Weinert, Christopher M. Smith, and Callie Weinert.

2

Plaintiffs Daniel Stewart and Rachel Kosoff's Motion *in Limine* #3 Precluding Defendants from Introducing Evidence that Plaintiffs Received a Windfall, Were Unjustly Enriched or Their Damages Should Be Offset or Lessened as a Result of David Martin Making Payments to Plaintiffs' Trust (Doc. No. 90); (4) **GRANTS, IN PART, AND DENIES, IN PART,** Plaintiffs Daniel Stewart and Rachel Kosoff's Motion *in Limine* #4 to Preclude Defendants from Introducing Evidence Regarding the Court's Order on Motion for Final Judgment and Motion for Reconsideration (Doc. No. 91); and, (5) **DENIES** Defendants' Motion in Limine to Exclude Evidence Related to Damages (Doc. No. 92).

I. BACKGROUND

This matter stems from disputes involving a Second Restatement of Declaration of Trust ("Trust") executed by Lester Martin ("Lester") on May 15, 1990, which was subsequently restated in 1995 and 2002. (Doc. No. 54-1.) The Trust provided that, upon Lester's death, the Trust's assets would be divided evenly among his living children and the offspring of his deceased children. (Doc. No. 54-1 at PageID 333.) Lester and his wife, who predeceased him, had five children: David, Betsy Martin Smith, Janet Bertolino, Susan Weinert, and Sarah Stewart. (Doc. No. 54 at PageID 301-02; Doc. No. 55 at PageID 373-74; Doc. No. 56 at PageID 392.) Sarah Stewart died on April 3, 2011 and is survived by Plaintiffs, her two children. (*Id*.) Lester also had eleven other grandchildren: Jessica Martin Bryan, Andrew Bertolino, Christina Martin, Dominic Bertolino, Kathryn Martin, Elizabeth Bertolino, Sam Martin, Ellie D. Smith, Hannah Weinert, Christopher M. Smith, and Callie Weinert.

On February 20, 2018, Lester executed a First Amendment of the Trust, appointing David as successor trustee. (Doc. No. 54-1 at PageID 358-59.) On the same day, Lester resigned as trustee and David accepted his appointment as trustee. (*Id*. at PageID 360-61.) Also on February

3

20, 2018, Lester executed a Durable Power of Attorney ("POA") in which he granted power of attorney to David. (Doc. No. 54-2.)

### A. Trust Payments

Over the course of 2019 and 2020, David made several distributions from the Trust to Plaintiffs and Sibling Beneficiaries and Grandchildren Beneficiaries (collectively, "Beneficiary Defendants"), including:

<u>2019</u>

- April 28, 2019:
  - $165,000 to Grandchildren Beneficiaries ($15,000 each).
- December 15, 2019:
  - $8 million to David and Sibling Beneficiaries ($2,000,000 each).
  - $1.1 million to Grandchildren Beneficiaries ($100,000 each).
  - $200,000 to Plaintiffs ($100,000 each).

<u>2020</u>

- March 6, 2020:
  - $3 million to David and Sibling Beneficiaries ($750,000 each).
  - $165,000 to Grandchildren Beneficiaries ($15,000 each).
- March 10, 2020:
  - $800,000 to David and Sibling Beneficiaries ($200,000 each).
  - $400,000 to 2012 trusts for the benefit of Plaintiffs ($200,000 each).
  - $100,000 to Plaintiffs ($50,000 each).

(Doc. No. 54 at PageID 306-07; Doc. No. 55 at PageID 377; Doc. No. 56 at PageID 395.)

Lester died on March 13, 2020. (Doc. No. 54 at PageID 308; Doc. No. 55 at PageID 378;

Doc. No. 56 at PageID 395.)

### B. Procedural Background

Plaintiffs filed their Complaint on March 11, 2021 (Doc. No. 1) and subsequently filed an Amended Complaint on December 22, 2021 (Doc. No. 54). Plaintiffs alleged claims of breach of trust; breach of fiduciary duty; conversion; intentional interference with an expectancy of inheritance; constructive trust; recission of the authorization or direction of distributions from trust for lack of capacity; recission of authorization or direction of distributions from the trust for undue influence; recission of the power of attorney for lack of capacity; and, recission of the power of attorney for undue influence. (*Id*. at PageID 308-24.) The Parties ultimately filed opposing motions for summary judgment. (Doc. Nos. 63, 70, 73). The Court entered judgment in favor of Plaintiffs on Count I, breach of trust, and Count II, breach of fiduciary duty, but deferred ruling on damages. (Doc. No. 77 at PageID 1308.) The Court also dismissed Plaintiffs' Count V, constructive trust, and denied summary judgment on the other remaining counts. (*Id*.)

On May 24, 2023, Plaintiffs filed Plaintiffs Daniel Stewart and Rachel Kosoff's Motion for Final Judgment on Count I and II of the First Amended Complaint ("Motion for Final Judgment"). (Doc. No. 78.) In the Motion for Final Judgment Plaintiffs asked the Court to: (1) enter judgment on damages as to Count I, breach of trust, and Count II, breach of fiduciary duty; (2) award Plaintiffs their costs, fees, and reasonable attorney's fees; and, (3) enter final judgment on Counts I and II and certify those counts for appeal pursuant to Fed. R. Civ. P. 54 (b). (Doc. No. 78.) On July 27, 2023, the Court denied the Motion for Final Judgment. (Doc. No. 82.) In so doing, the Court found that questions of fact remained regarding the amount of damages. (*Id*.) Specifically, the Court found that a failure to account for interest earned by Plaintiffs on the money improperly placed in their trust accounts may result in a windfall. (*Id*. at PageID 1354-55.) The

Court further held that a failure to account for the amount of money Plaintiffs had removed from the trusts over the preceding three years may similarly result in a windfall.  (*Id*. at PageID 1355.)

On January 25, 2024, the Court dismissed Counts VI-IX, claims plead in the alternative, with prejudice.  (Doc. No. 112.)  On February 22, 2024, the Court entered an order by agreement of the Parties, striking Counts III-IV with prejudice, striking the prayer for punitive damages in Counts I-II, and striking the prayer for constructive trust in Counts I-II.  (Doc. No. 119.)  The only remaining issues to be decided with regarding to Counts I-II are damages and Plaintiffs' entitlement to attorney's fees under Ohio law.

The Parties filed their motions *in limine* on September 15, 2023, their oppositions on October 6, 2023, and their replies on October 20, 2023.  The motions are ripe for review and decision.

## II.     STANDARD OF REVIEW

District courts adjudicate motions *in limine* under their "inherent authority to manage the course of trials."  *Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984).  Courts should exclude evidence pursuant to a motion *in limine* "only when evidence is clearly inadmissible on all potential grounds."  *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010) (citation omitted).  The Sixth Circuit advises that the "better practice" is to address questions regarding the admissibility of broad categories of evidence "as they arise." *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).  "'[A] court is almost always better situated during the actual trial to assess the value and utility of evidence.'"  *Enoch v. Hamilton Cnty. Sheriff*, 588 F. Supp. 3d 806, 811 (S.D. Ohio Mar. 2, 2022) (quoting *Owner-Operator Indep. Drivers Ass'n v. Comerica Bank*, No. 05-cv-0056, 2011 U.S. Dist. LEXIS 113662, at *3, 2011 WL 4625359, at *1 (S.D. Ohio Oct. 3, 2011)).

6

Denial of a motion *in limine* does not necessarily mean that the evidence, which is the subject of the motion, will be admissible at trial. *Ind. Ins. Co. v. GE*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). This is because "[a] ruling on a motion in limine is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). The district court may change its ruling on the motion *in limine*, whether prior to trial or at trial, "where sufficient facts have developed to warrant the change." *Id*.

Relevant to the various motions before the Court, Rule 401 defines relevance as evidence that "has any tendency to make a fact more or less probable without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. The Sixth Circuit has interpreted relevancy under Rule 401 generously, describing the "relevance threshold" as "very low," *United States v. Sumlin*, 956 F.3d 879, 889 (6th Cir. 2020) (quoting *United States v. Whittington*, 455 F.3d 736, 739 (6th Cir. 2006)), and "extremely permissive." *United States v. Pritchard*, 964 F.3d 513, 526 (6th Cir. 2020) (quoting *Wood v. Wal-Mart Stores, E., LP*, 576 F. App'x 470, 472 (6th Cir. 2014)). Evidence must simply have "the slightest probative worth." *United States v. Inzunza-Arenas*, 831 F. App'x 778, 782–83 (6th Cir. 2020) (quoting *Whittington*, 455 F.3d at 738–39).

Of course, relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of. . . unfair prejudice, confusing the issues, misleading the jury," or by considerations of "undue delay, waste of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Evidence is not excluded merely because it is damaging or prejudicial to a party; instead, it must be unfairly prejudicial. *See United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993). To warrant exclusion, any danger of unfair prejudice posed by the evidence must "substantially outweigh[]" its probative value. Fed. R. Evid. 403. Rule 403 is not concerned with

"the damage to [a party's] case that results from the legitimate probative force of the evidence; rather, it refers to evidence which tends to suggest decision on an improper basis." *United States v. Mendez-Ortiz*, 810 F.2d 76, 79 (6th Cir. 1986).

### III. ANALYSIS

The Court will address each motion *in limine* in turn.

#### A. Plaintiffs' Motion *in Limine* #1

Plaintiffs' first motion seeks to prevent Defendants "from introducing evidence, eliciting testimony, or making an argument during the trial regarding David Martin's liability for breach of fiduciary duty and breach of trust." (Doc. No. 88 at PageID 1560.) Plaintiffs argue that the Court has entered judgment in favor of Plaintiffs on their breach of fiduciary duty and breach of trust claims and that the jury's role in this trial as it pertains to those claims is solely to determine damages. (*Id*. at PageID 1561.) As such, Plaintiffs contend that David should be barred from introducing evidence that he:

> Did properly distribute money from [the] Trust or that David did not breach his fiduciary duty and the Trust, including without limitation that David providing a writing to himself would be a vain act, that verbal authorization or direction from Lester permitted David to make the distributions, that David had the right to distribute money pursuant to the Power of Attorney or as to any affirmative defense to Counts I and II.

(*Id*. at PageID 1561-62.) Plaintiffs further ask that the Court instruct the jury as to David's liability for breach of fiduciary duty and breach of trust in the jury instructions. (*Id*. at PageID 1561.)

In response, Defendants argue that Plaintiffs' efforts to exclude any evidence that would implicate the Court's summary judgment finding on breach of fiduciary duty and breach of trust are misplaced. (Doc. No. 95 at PageID 1724.) Defendants further argue that there are outstanding issues that require Plaintiffs to prove David's mental state in relation to the distributions he made from the trust. (*Id*. at PageID 1724-25.) David, Defendants contend, must be able to present

8

evidence that he believed he was acting in accordance with the Trust and his father's wishes in order to show he was not acting willfully or maliciously. (*Id.*)

Plaintiffs do not cite any caselaw or identify a rule of evidence by which they seek to exclude this evidence. They appear to argue that the jury is not being asked to decide the issues of breach of trust or breach of fiduciary duty. Therefore, the Court will assume Plaintiffs seek to exclude this evidence under Fed. R. Evid. 401 and 403.

Per the Court's summary judgment order, David cannot argue at trial that he did not violate the terms of the trust or that his actions constituted a vain act under Ohio law. The Court has decided those issues and they are not before the jury.

However, evidence relating to David's understanding of the Trust document, the POA, and his conversations with Lester are relevant to the issue of attorney's fees.[2] Under Ohio Rev. Code § 5810.04:

> In a judicial proceeding involving the administration of a trust, including a trust that contains a spendthrift provision, the court, as justice and equity may require, may award costs, expenses, and reasonable attorney's fees to any party, to be paid by another party, from the trust that is the subject of the controversy, or from a party's interest in the trust that is the subject of the controversy.

Ohio courts have held that "attorney fees have been awarded for a breach of fiduciary duty when there is a finding of bad faith." *Jakubs v. Borally*, 2015-Ohio-2696, at ¶ 11 (Ohio Ct. App. 2015) (collecting cases); *see also Cartwright v. Batner*, 15 N.E.3d 401, 423, 2015-Ohio-2995, at ¶ 104 (Ohio Ct. App. 2014) ("Attorney fees would also be permitted regarding the claim for misuse of the power of attorney").

Evidence regarding David's understanding of the Trust and his role as power of attorney

---

[2] This is not be interpreted as a complete bar on this evidence for other purposes if it can be shown that such evidence is relevant to Defendants defense of the other claims. Additionally, this evidence may be objectionable on other grounds not presently before the Court.

9

are probative of whether his actions were intentional.[3]  Moreover, evidence that Lester did or did not give David directions to make certain distributions would be relevant to the question of attorney's fees.  This question is one that will be decided by the Court, thus it is not a relevant inquiry for the jury, but it is one admissible to the Court in a separate and subsequent proceeding.

Therefore, Plaintiffs Daniel Stewart and Rachel Kosoff's Motion *in Limine* #1 to Direct the Jury as to the Court's Order on Summary Judgment and Precluding Defendants from Introducing Evidence Regarding David Martin's Liability for Breach of Fiduciary Duty and Breach of Trust (Doc. No. 88) is **GRANTED** to the extent that Defendants may not argue at trial that David did not violate the terms of the Trust or that his actions constituted a vain act under Ohio law.  David is also prohibited from introducing evidence before the jury of any directions he was given by Lester regarding what distributions should be made from the Trust.  The Motion is **DENIED** in all other respects.

### B. Plaintiffs' Motion *in Limine* #2

Plaintiffs' second motion seeks to prevent Defendants from introducing evidence or eliciting testimony regarding distributions that were made from the Trust prior to April 2019. (Doc. No. 89 at PageID 1566.)  Plaintiffs argue that these distributions are irrelevant to Plaintiffs' damages for the breach of fiduciary duty and breach of trust claims.  (*Id*.)  Defendants argue, in turn, that the pattern of distributions made from the Trust prior to April 2019 is relevant for a few reasons.  (Doc. No. 96 at PageID 1730-31.)  Specifically, Defendants contend the pattern of gift giving prior to 2019 is relevant to whether Lester had the capacity[4] to execute the POA and to David's intent when making the post-April 2019 distributions.  (*Id*.)  Defendants further argue that

---

[3] Naturally, this right is also limited.  Defendants may not offer legal interpretations of the Trust or POA.
[4] The Court's recent Order dismissing the alternative claims that address lack of capacity renders this argument moot and the Court will not consider it in this analysis.

this evidence, "also demonstrates a pattern of distributions that contrast with the one-fifth formula in this Trust." (*Id*. at PageID 1730.)

Plaintiffs again fail to identify any caselaw or a rule evidence by which they seek to exclude this evidence. Plaintiffs do state that the "distributions made from the Trust prior to April 2019 are not at issue and are irrelevant to Plaintiff's damages for David's breach of fiduciary duty and breach of trust." (Doc. No. 89 at PageID 1566.) Therefore, the Court will assume Plaintiffs seek to exclude this evidence under Fed. R. Evid. 401.

The pre-April 2019 distributions from the Trust are not relevant to Plaintiffs' damages under the breach of fiduciary duty and breach of trust claims. Plaintiffs do not allege that those distributions were made in a manner violative of the terms of the Trust or David's role as trustee. Moreover, Defendants argument that the pre-April 2019 distributions "demonstrates a pattern of distributions that contrast with the one-fifth formula in this Trust," is misplaced to the extent it seeks to change the calculation of damages pursuant to Counts I and II. The Trust dictates how distributions were to be made and how the corpus of the Trust was to be distributed upon Lester's death. The jury's role is not to reevaluate the terms of the Trust.

That does not mean evidence relating to the pre-April 2019 distributions is totally irrelevant. For instance, if David is able to show that the distributions he made were consistent with Lester's pattern of distribution, again could be relevant to whether David acted in bad faith as relevant to the question of attorney fees. The Court will reserve ruling on any specific piece of evidence until the Court hears the attorney fees issue, when it will be better suited to evaluate the relevance of specific testimony or documents. *See Enoch*, 588 F. Supp. 3d at 811 (quoting *Owner-Operator Indep. Drivers Ass'n*, 2011 U.S. Dist. LEXIS 113662, at *3, 2011 WL 4625359, at *1).

Therefore, Plaintiffs Daniel Stewart and Rachel Kosoff's Motion *in Limine* #2 to Preclude

Defendants from Introducing Evidence Regarding Distributions Made from the Trust Prior to April 2019 (Doc. No. 89) is **GRANTED** to the extent Defendants will not be permitted to use the pattern of distributions prior to April 2019 to challenge the calculation of damages pursuant to Counts I and II. The Motion is **DENIED** in all other respects.

### C. Plaintiffs' Motion *in Limine* #3

Plaintiffs' third motion *in limine* seeks to preclude Defendants from introducing evidence that Plaintiffs received a windfall, were unjustly enriched, or that their damages should be offset or lessened as a result of David's payments to their trusts. (Doc. No. 90 at PageID 1569.) Plaintiffs argue that Defendants' windfall argument is an affirmative defense that it waived by not raising it until the briefing on Plaintiffs Daniel Stewart and Rachel Kosoff's Motion for Final Judgment on Counts I and II of the First Amended Complaint (Doc. No. 78). (Doc. No. 90 at PageID 1570-72.) In response, Defendants argue that a "windfall" is not an affirmative defense because it negates an element of Plaintiffs' *prima facie* case. (Doc. No. 97 at PageID 1735.) Defendants further argue that Plaintiffs identified their individual trusts in their pleadings and that Plaintiffs were questioned about their trusts during their depositions, therefore, the windfall argument is not new to this case. (*Id*. at PageID 1736-37.) In reply, Plaintiffs contend that Defendants citation to the pleadings and the deposition transcripts could not have put Plaintiffs on notice of this defense. (Doc. No. 103 at PageID 1766.) Specifically, Plaintiffs argue that Defendants sought no additional discovery on the windfall issue, even though Plaintiffs provided a calculation of damages. (*Id*. at PageID 1766-67.)

Plaintiffs cite to several cases in support of their argument that a "windfall" argument is an affirmative defense under Ohio law. (Doc. No. 90 at PageID 1571 citing *M&C Holdings Delaware, P'ship v. Great Am. Ins. Co.*, No. 1:20-cv-121, 2021 U.S. Dist. LEXIS 557, at *12,

12

2021 WL 21447, at *4 (S.D. Ohio Jan. 4, 2021), *report and recommendation adopted*, No. 1:20-cv-121, 2021 U.S. Dist. LEXIS 23688, 2021 WL 426421 (S.D. Ohio Feb. 8, 2021); *R.W. Beckett Corp. v. Allianz Glob. Corp.*, No. 1:19-cv-0428, 2020 U.S. Dist. LEXIS 265122, at *7, 2020 WL 13512859, at *3 (N.D. Ohio Aug. 4, 2020) (citing *Goodrich Corp. v. Com. Union Ins. Co.*, 2008-Ohio-3200, ¶¶ 38-39 (Ct. App. 2008)); *OneBeacon Am. Ins. Co. v. Am. Motorists Ins. Co.*, 679 F.3d 456, 461 (6th Cir. 2012)). The Court is not persuaded by this line of cases. All of the cases cited by Plaintiffs are in the insurance defense context and all contemplate the scenario where one insurer seeks a settlement credit because other insurers have settled. This is best illustrated by the complete quotation of *R.W. Beckett Corp.*:

> When such a settlement precludes non-settling carriers from seeking equitable contribution, Ohio law may permit the non-settling carriers to seek another form of equitable relief: the settlement credit. Rather than being rooted in the concept of the proportional allocation of loss among insurance carriers, the settlement credit is an affirmative defense rooted in the principle that a settling policyholder should not be permitted to obtain a "double recovery" or "windfall" and render the non-settling insurer liable for more than its contracted-for share of liability.

*R.W. Beckett Corp.*, 2020 U.S. Dist. LEXIS 265122, at *7, 2020 WL 13512859, at *3 (internal citations omitted). The Court will not refashion the "windfall" argument into an affirmative defense as a matter of Ohio law where Ohio courts have never determined it to be the case beyond the specific insurance context of Plaintiffs' cited cases.

Therefore, Plaintiffs Daniel Stewart and Rachel Kosoff's Motion *in Limine* #3 Precluding Defendants from Introducing Evidence that Plaintiffs Received a Windfall, Were Unjustly Enriched or Their Damages Should Be Offset or Lessened as a Result of David Martin Making Payments to Plaintiffs' Trust (Doc. No. 90) is **DENIED**.

### D. Plaintiffs' Motion *in Limine* #4

Plaintiffs' final motion *in limine* moves this Court to preclude Defendants "from

13

introducing evidence, eliciting testimony, or making an argument during the trial regarding this Court's Orders relating to Plaintiff's Motion for Final Judgment and Motion for Reconsideration." (Doc. No. 91 at PageID 1575.) Plaintiffs argue, "[t]he Court did not make any definitive holdings or findings in either Order as to whether or not the interest earned in the trusts constitutes a windfall for Plaintiffs and/or whether Defendants are entitled to the benefit of any interest earned in the trusts." (*Id*. at PageID 1576.) In response, Defendants argue that the motion is an improper attempt to abrogate the law of the case. (Doc. No. 98 at PageID 1742.) In reply, Plaintiffs argue that if Defendants are allowed to argue the windfall theory, then "Defendants should be precluded from introducing, referring to or citing to the Court's Orders that comment on the theory." (Doc. No. 104 at PageID 1771-72.)

It is not clear what relief Plaintiffs seek in this motion. To the extent Plaintiffs seek to prevent Defendants from introducing the Entry and Order Denying Plaintiffs Daniel Stewart and Rachel Kosoff's Motion for Final Judgment on Counts I and II of the First amended Complaint (Doc. No. 82) or the Entry and Order Denying Plaintiffs Daniel Stewart and Rachel Kosoff's Motion for Reconsideration and/or Clarification of July 27, 2023 Order and For Other Relief (Doc. No. 86) into evidence or reading those orders to the jury, the Court will not admit an order in this case into evidence or allow either Party to read the contents of a Court's order to the jury. To the extent the motion seeks additional relief, the Court will resolve those questions at trial.

Therefore, Plaintiffs Daniel Stewart and Rachel Kosoff's Motion in Limine #4 to Preclude Defendants from Introducing Evidence Regarding the Court's Order on Motion for Final Judgment and Motion for Reconsideration (Doc. No. 91) is **GRANTED** to the extent Plaintiffs seek to prevent Defendants from introducing the orders into evidence or reading the orders to the jury. The Motion is **DENIED** in all other respects.

### E. Defendants' Motion *in Limine*

Finally, the Court will address Defendants' Motion in Limine to Exclude Evidence Related to Damages (Doc. No. 92). In the motion, Defendants seek to preclude Plaintiffs from introducing evidence of their damages at trial. (Doc. No. 92 at PageID 1579.) Defendants generally argue that Plaintiffs have failed to designate an expert who can establish their damages and they have failed to produce evidence pertaining to their trusts. (*Id*. at PageID 1581-88.) In response, Plaintiffs make several points. First, Plaintiffs argue that courts generally disfavor motions *in limine* that grant broad exclusions of evidence. (Doc. No. 94 at PageID 1715.) Plaintiffs next argue that the amount at issue is relatively minor in relation to Plaintiffs' damages as whole. (*Id*. at PageID 1716.) Plaintiffs further contend that the jury could conclude that the interest earned in the trust did not place Plaintiffs in a better position than they would have been if they had received the money directly. (*Id*. at PageID 1716-17). Next, Plaintiffs argue that the interest earned on the trusts is easily calculable and expert testimony is not necessary to determine the amount in question. (*Id*. at PageID 1717-18.) Plaintiffs finally argue that they have produced documents relating to the value of their investments and they will produce additional documents from their trust account statements. (*Id*. at PageID 1718-20.)

The Court will not prevent Plaintiffs from presenting evidence on damages in an order on a motion *in limine*. Courts generally disfavor excluding broad categories of evidence. *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). Even if Defendants seek only to exclude evidence on damages related to Plaintiffs trusts, the amounts withdrawn, and the amount of interest earned, the Court is not convinced at this time that such evidence would be clearly inadmissible. *See Equal Employment Opportunity Commission v. Red Roof Inns, Inc.*, No. 3:20-cv-381, 2022 U.S. Dist. LEXIS 226567, at *4, 2022 WL 17718513, at *2 (S.D. Ohio Dec. 15,

2022) (quoting *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)) ("Courts should exclude evidence pursuant to a motion in limine 'only when evidence is clearly inadmissible on all potential grounds'").

The only evidence the Court has seen is the exhibit attached to Plaintiffs response. (*See* Doc. No. 94-1.) While the Court would be reticent to weigh the admissibility of this document—given the lack of any authentication or indication as to who could testify to its contents—that alone does not mean other evidence regarding Plaintiffs' trusts would not be capable of interpretation by a jury without the aid of an expert. Although the Court's order on Plaintiffs Daniel Stewart and Rachel Kosoff's Motion for Final Judgment on Count I and II of the First Amended Complaint, indicated that expert testimony would "almost certainly be needed to clarify" damages relating to Plaintiffs trusts, it is not preclusive to their attempt to put admissible evidence and testimony before the Court. It may certainly be the case that expert testimony is the only way Plaintiffs may prove their damages in relation to the trusts, but the Court will be in a better position to make that determination at trial given the record currently before it. *See Enoch*, 588 F. Supp. 3d at 811 (quoting *Owner-Operator Indep. Drivers Ass'n*, 2011 U.S. Dist. LEXIS 113662, at *3, 2011 WL 4625359, at *1).

Consequently, Defendants' Motion in Limine to Exclude Evidence Related to Damages (Doc. No. 92) is **DENIED**.

### IV. CONCLUSION

For the reasons stated above, the Court:

1. **GRANTS, IN PART, AND DENIES, IN PART,** Plaintiffs Daniel Stewart and Rachel Kosoff's Motion *in Limine* #1 to Direct the Jury as to the Court's Order on

16

Summary Judgment and Precluding Defendants from Introducing Evidence Regarding David Martin's Liability for Breach of Fiduciary Duty and Breach of Trust (Doc. No. 88);

2. **GRANTS, IN PART, AND DENIES, IN PART,** Plaintiffs Daniel Stewart and Rachel Kosoff's Motion *in Limine* #2 to Preclude Defendants from Introducing Evidence Regarding Distributions Made from the Trust Prior to April 2019 (Doc. No. 89);

3. **DENIES** Plaintiffs Daniel Stewart and Rachel Kosoff's Motion *in Limine* #3 Precluding Defendants from Introducing Evidence that Plaintiffs Received a Windfall, Were Unjustly Enriched or Their Damages Should Be Offset or Lessened as a Result of David Martin Making Payments to Plaintiffs' Trust (Doc. No. 90);

4. **GRANTS, IN PART, AND DENIES, IN PART,** Plaintiffs Daniel Stewart and Rachel Kosoff's Motion *in Limine* #4 to Preclude Defendants from Introducing Evidence Regarding the Court's Order on Motion for Final Judgment and Motion for Reconsideration (Doc. No. 91); and,

5. **DENIES** Defendants' Motion in Limine to Exclude Evidence Related to Damages (Doc. No. 92).

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, February 22, 2024.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE