UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| Daniel Stewart, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. 3:21-cv-89 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| David W. Martin, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ENTRY AND ORDER GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFFS' DANIEL STEWART AND RACHEL KOSOFFS' AMENDED MOTION TO DISMISS PARTIES PURSUANT TO RULE 21 AND TO AMEND COMPLAINT (DOC. NO. 118)**

Presently before the Court is Plaintiffs' Daniel Stewart and Rachel Kosoffs' Amended Motion to Dismiss Parties Pursuant to Rule 21 and to Amend Complaint ("Amended Motion") (Doc. No. 118).[1] In the Amended Motion, Plaintiffs, pursuant to Fed. R. Civ. P. 21, seek an order dismissing Defendants Betsy Martin Smith, Janet Bertolino, Susan Weinert, Jessica Martin, Christina Martin, Kathryn Martin, Sam Martin, Callie Weinert, Hannah Weinert, Chris Smith, Ellie Smith, Elizabeth Bertolino, Dominic Bertolino and Andrew Bertolino (collectively, "Beneficiary Defendants"). (Doc. No. 118 at PageID 1858.) For the reasons explained below, the Court **GRANTS**, **IN PART**, and **DENIES**, **IN PART**, Plaintiffs' Daniel Stewart and Rachel Kosoffs' Amended Motion to Dismiss Parties Pursuant to Rule 21 and to Amend Complaint (Doc.

---

[1] On December 12, 2023, Plaintiffs filed Plaintiffs' Daniel Stewart and Rachel Kosoffs' Motion to Dismiss Parties Pursuant to Rule 21 and to Amend Complaint (the "Initial Motion") (Doc. No. 109). The Parties subsequently fully briefed the issues therein. (*See* Doc. Nos. 109, 110, 111, 114.) However, following a conference with the Court, the Court permitted Plaintiffs to amend their Initial Motion. (*See* Notation Order, Feb. 20, 2024.) For purposes of this Entry and Order, the Court refers to the Amended Motion.

1

No. 118).

## I. BACKGROUND

This matter stems from disputes involving a Trust executed by Lester Martin ("Lester") on May 15, 1990, which was subsequently restated in 1995 and 2002. (Doc. No. 54-1.) The Trust provided that, upon Lester's death, the Trust's assets would be divided evenly among his living children and the offspring of his deceased children. (Doc. No. 54-1 at PageID 333.) Lester and his wife, who predeceased him, had five children: David Martin ("David"), Betsy Martin Smith, Janet Bertolino, Susan Weinert, and Sarah Stewart.[2] (Doc. No. 54 at PageID 301-02; Doc. No. 55 at PageID 373-74; Doc. No. 56 at PageID 392.) Sarah Stewart died on April 3, 2011, and is survived by Plaintiffs, her two children. (*Id.*) Lester also had eleven other grandchildren: Jessica Martin Bryan, Andrew Bertolino, Christina Martin, Dominic Bertolino, Kathryn Martin, Elizabeth Bertolino, Sam Martin, Ellie D. Smith, Hannah Weinert, Christopher M. Smith, and Callie Weinert (collectively, "Grandchildren Beneficiaries").[3]

On February 20, 2018, Lester executed a First Amendment of the Trust, appointing David as successor trustee. (Doc. No. 54-1 at PageID 358-59.) On the same day, Lester resigned as trustee and David accepted his appointment as trustee. (*Id.* at PageID 360-61.) Also on February 20, 2018, Lester executed a Durable Power of Attorney ("POA") in which he granted power of attorney to David. (Doc. No. 54-2.)

Over the course of 2019 and 2020, David made several distributions from the Trust to Plaintiffs, Sibling Beneficiaries, and Grandchildren Beneficiaries, totaling several million dollars. (Doc. No. 54 at PageID 306-07; Doc. No. 55 at PageID 377; Doc. No. 56 at PageID 395.) Lester

---

[2] Betsy Martin Smith, Janet Bertolino, and Susan Weinert are referred to herein as "Sibling Beneficiaries."
[3] David Martin ("David"), Betsy Martin Smith, Janet Bertolino, Susan Weinert, Jessica Martin Bryan, Andrew Bertolino, Christina Martin, Dominic Bertolino, Kathryn Martin, Elizabeth Bertolino, Sam Martin, Ellie D. Smith, Hannah Weinert, Christopher M. Smith, and Callie Weinert are herein referred to collectively as "Defendants."

died on March 13, 2020. (Doc. No. 54 at PageID 308; Doc. No. 55 at PageID 378; Doc. No. 56 at PageID 395.)

### A. Procedural Background

Plaintiffs filed their Complaint on March 11, 2021 (Doc. No. 1) and subsequently filed an Amended Complaint on December 22, 2021 (Doc. No. 54). Plaintiffs alleged claims of breach of trust; breach of fiduciary duty; conversion; intentional interference with an expectancy of inheritance; constructive trust; recission of the authorization or direction of distributions from trust for lack of capacity; recission of authorization or direction of distributions from the trust for undue influence; recission of the power of attorney for lack of capacity; and, recission of the power of attorney for undue influence. (*Id*. at PageID 308-24.) The Parties ultimately filed opposing motions for summary judgment. (Doc. Nos. 63, 70, 73). The Court entered judgment in favor of Plaintiffs on Count I, breach of trust, and Count II, breach of fiduciary duty, but deferred ruling on damages. (Doc. No. 77 at PageID 1308.) The Court also dismissed Plaintiffs' Count V, constructive trust, and denied summary judgment on the other remaining counts. (*Id*.)

On May 24, 2023, Plaintiffs filed Plaintiffs Daniel Stewart and Rachel Kosoff's Motion for Final Judgment on Count I and II of the First Amended Complaint ("Motion for Final Judgment"). (Doc. No. 78.) In the Motion for Final Judgment Plaintiffs asked the Court to: (1) enter judgment on damages as to Count I, breach of trust, and Count II, breach of fiduciary duty; (2) award Plaintiffs their costs, fees, and reasonable attorney's fees; and, (3) enter final judgment on Counts I and II and certify those counts for appeal pursuant to Fed. R. Civ. P. 54 (b). (Doc. No. 78.) On July 27, 2023, the Court denied the Motion for Final Judgment. (Doc. No. 82.) In so doing, the Court found that questions of fact remained regarding the amount of damages. (*Id*.) Specifically, the Court found that a failure to account for interest earned by Plaintiffs on the money

improperly placed in their trust accounts may result in a windfall. (*Id*. at PageID 1354-55.) The Court further held that a failure to account for the amount of money Plaintiffs had removed from the trusts over the preceding three years may similarly result in a windfall. (*Id*. at PageID 1355.)

On January 25, 2024, the Court dismissed Counts VI-IX, claims plead in the alternative, with prejudice. (Doc. No. 112.) On February 22, 2024, the Court entered an order by agreement of the Parties, striking Counts III-IV with prejudice, striking the prayer for punitive damages in Counts I-II, and striking the prayer for constructive trust in Counts I-II. (Doc. No. 119.) The only remaining issues to be decided with regarding to Counts I-II are damages and Plaintiffs' entitlement to attorney's fees under Ohio law.

Plaintiffs filed their Initial Motion on December 12, 2023 (Doc. No. 109). The Initial Motion was then fully briefed by the Parties on January 31, 2024.[4]

However, following a conference with the Court, Plaintiffs filed the Amended Motion on February 21, 2024 (Doc. No. 118). Beneficiary Defendants filed their response in opposition to the Amended Motion on February 22, 2024 (Doc. No. 122), and David filed no response. While the Court permitted Plaintiffs to file the Amended Motion, no additional time has been provided for Plaintiffs to file a reply. (*See* Notation Order, Feb. 20, 2024.) As such, the Amended Motion is fully briefed and ripe for review and decision.

## II. ANALYSIS

Turning to the matter at hand, Plaintiffs initially argued that they had sought a constructive trust "[i]n the event David did not have sufficient funds." (Doc. No. 109 at PageID 1796.) Plaintiffs have now determined that David has sufficient funds to satisfy the $2,086,000 judgment they seek. (*Id*.) Further, Plaintiffs have effectively abandoned the imposition of a constructive

---

[4] *See supra*, at fn. 1.

4

trust as a remedy in this case. (Doc. No. 119 at PageID 1862.) With no active claims against or remedies adversarial to Beneficiary Defendants remaining, Plaintiffs contend that Defendant Beneficiaries have no interest in the instant action. (Doc. No. 118 at PageID 1859.) Plaintiffs thus seek to dismiss Beneficiary Defendants with prejudice. (*Id.*)

In response, Defendants argue that dismissing the Beneficiary Defendants under Rule 21 would be improper. (Doc. No. 122 at PageID 1889.) Specifically, Defendants argue that, although Plaintiffs have no active claims against them, Beneficiary Defendants must remain in this case as real parties in interest. (*Id.*) In support of this argument, Defendants contend that any damages awarded to Plaintiffs at trial will necessarily implicate the corpus of the Trust, even if only in the hypothetical sense. (*Id.*) Consequently, Beneficiary Defendants posit that they do have a real vested interest in the outcome of this case at trial. (*Id.*)

### A. **Dismissal of Beneficiary Defendants Under Rule 21**

Rule 21 provides, in relevant part, that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. "The decision to drop a party is within the discretion of the court." *Grant v. David's Constr.*, 2023 WL 5673681, at *1 (M.D. Tenn. Aug. 31, 2023) (citing *Carden v. Klucznik*, 775 F. Supp. 2d 247, 251 (D. Mass. 2011)). "When evaluating a motion for dismissal under Rule 21, courts should consider Rule 41 standards as guidance for analyzing potential prejudice to the non-movants." *Murray Enery Corp. v. Cassidy, Cogan, Chappel, and Voegelin L.C.*, No. 2:18-cv-440, 2020 WL 4201666, at *2 (S.D. Ohio July. 22, 2020) (citing *Wilkerson v. Brakebill*, No. 3:15-cv-435, 2017 U.S. Dist. LEXIS 12305, at *2, 2017 WL 401212, at *2-3 (E.D. Tenn. Jan. 30, 2017)). The purpose of this prejudice analysis is "to protect defendants who have put considerable time and effort into defending a case, only to have the plaintiff pull the rug out from under them by

5

voluntarily dismissing the action." *Wilkerson*, 2017 U.S. Dist. LEXIS 12305, at *2, 2017 WL 401212, at *2-3 (quoting *Crozin v. Crown Appraisal Grp., Inc.*, Nos. 2:10-cv-581, 2:10-cv-764, 2012 U.S. Dist. LEXIS 5626, at *2, 2012 WL 139219, at *2 (S.D. Ohio Jan. 18, 2012) (discussing the prejudice analysis under Rule 41)).

The Rule 41(a)(2) factors that a court considers in evaluating prejudice include: (1) the amount of time, effort and expense the defendants have incurred in trial preparation; (2) any excessive delay and lack of diligence by the plaintiffs in prosecuting the action; (3) insufficient explanation for the need to dismiss; and (4) whether defendants have filed a motion for summary judgment. *Powell v. Honda of Am. Mfg., Inc.*, No. 2:06-cv-979, 2008 U.S. Dist. LEXIS 56991, at *9–10, 2008 WL 2872273, at *3 (S.D. Ohio July 22, 2008) (citing *Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)).

Viewing the Rule 41 factors, the Court cannot conclude any weigh heavily in any of the Parties' favor. Beneficiary Defendants have clearly exerted much time and expense in preparing for trial, but an order in this case would relieve them of any further litigation. Moreover, while summary judgments have been filed, no claims remain against Beneficiary Defendants. Indeed, it appears Plaintiffs have moved to dismiss Beneficiary Defendants upon the finding that David can satisfy any judgment against him.

Nevertheless, a party may still be required to remain in a case if their presence is necessary pursuant to Fed. R. Civ. P. 19(a)(1). Rule 19 defines a necessary party in the following manner:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> (i) as a practical matter impair or impede the person's ability to protect the interest; or

6

> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). The application of Fed. R. Civ. P. 19 has largely been confined to situations where Rule 21 has been used to drop non-diverse parties whose presence is not necessary. *See Safeco Ins. Co. of America v. City of the White House, Tenn.*, 36 F.3d 540, 545 (6th Cir. 1994). However, trust beneficiaries have been found to be necessary parties under Rule 19 where the outcome of a dispute would "affect the trust itself." *Joseph v. Teitelbaum*, No. 1:10-cv-00931, 2010 U.S. Dist. LEXIS 151434, at *7, 2010 WL 11565404, at *3 (N.D. Ohio May 24, 2010). Indeed, "'[t]he general rule is, that in suits respecting trust-property, brought either by or against the trustees, the [trust beneficiaries] as well as the trustees are necessary parties.'" *Id.* (quoting *Carey v. Brown*, 2 Otto 171, 172, 92 U.S. 171, 172 (1875)).

Presently, the Court's determination as to whether Beneficiary Defendants are necessary parties to this litigation is twofold. In particular, the Court must differentiate between Grandchildren Beneficiaries and Sibling Beneficiaries here.

On one hand, the Court finds that Grandchildren Beneficiaries are not necessary parties to the instant action. The Trust document only names Sibling Beneficiaries as beneficiaries under the Trust. (Doc. No. 54-1 at PageID 333.) Grandchildren Beneficiaries are not named as Trust beneficiaries in any respect. To be sure, Plaintiffs' rights as beneficiaries arise solely from their mother having predeceased them. (*Id.*) Grandchildren Beneficiaries did receive wrongfully made distributions from the Trust corpus and a constructive trust remedy would certainly implicate Grandchildren Beneficiaries' rights to those distributions. However, with the dismissal of the constructive trust remedy here, there is no interest Grandchildren Beneficiaries can clearly assert. Indeed, regardless of the outcome in this case, Grandchildren Beneficiaries are unentitled to

enforce the Court's final judgment or collect additional funds from the Trust. Put plainly, the Trust never afforded them such rights to begin with. Thus, the Court views the appropriate approach to be the dismissal of Grandchildren Beneficiaries with prejudice.

By contrast, the Court finds that Sibling Beneficiaries are necessary parties in the current matter. The dispute at issue undoubtably affects the Trust. The Court found David to be in breach of trust as well as his fiduciary duty and now judgment must be entered on the issue of damages. (Doc. No. 77 at PageID 1308.) To determine these damages at trial, the Parties will be required to prove a monetary amount that will "restore the value of the [T]rust property and [T]rust distributions to what they would have been had the breach not occurred." Ohio Rev. Code § 5810.02(A)(1). As a necessity, the Court will ultimately consider Plaintiffs' rights to the Trust corpus as though David never made an improper distribution. Sibling Beneficiaries possess the same rights with respect to the Trust as Plaintiffs and even a hypothetical reconstruction of the Trust corpus implicates those rights. Hence, the general rule applies and the Court finds Sibling Beneficiaries to be necessary parties under Fed. R. Civ. P. 19(a).

Even still, the Court must determine the capacity in which Sibling Beneficiaries may remain in the case. Recall that there are no claims against Sibling beneficiaries and no remaining remedies that could adversely affect them. To this end, Sibling Beneficiaries argue that they are real parties in interest to the litigation at bar. (Doc. No. 122 at PageID 1888-89.) A real party in interest "is [a] person who is entitled to enforce the right asserted under the governing substantive law." *Cranpark, Inc. v. Rogers Grp., Inc.*, 821 F.3d 723, 730 (6th Cir. 2016). As previously stated, Sibling Beneficiaries hold the same rights under the Trust as Plaintiffs do. David did not just commit a breach of trust as to Plaintiffs. Rather, the breaches here occurred with respect to all beneficiaries. Accordingly, Sibling Beneficiaries shall remain by necessity as real parties in

8

interest.

### B. Initial Motion to Amend the Complaint

In their Initial Motion, Plaintiffs sought to amend their Amended Complaint to strike their prayers for relief under Counts I and II requesting the imposition of a constructive trust. (Doc. No. 109 at PageID 1796.) However, in an agreed order, the Parties assented to striking the constructive trust remedy from Counts I and II with prejudice. (Doc. No. 119.) To the extent that Plaintiffs' request to amend their Amended Complaint in this regard has survived, the request is **DENIED** as moot.

### III. CONCLUSION

For the reasons stated herein, the Court **GRANTS**, **IN PART**, and **DENIES**, **IN PART**, Plaintiffs' Daniel Stewart and Rachel Kosoffs' Amended Motion to Dismiss Parties Pursuant to Rule 21 and to Amend Complaint (Doc. No. 118) and finds the following:

1. Grandchildren Beneficiaries Jessica Martin Bryan, Andrew Bertolino, Christina Martin, Dominic Bertolino, Kathryn Martin, Elizabeth Bertolino, Sam Martin, Ellie D. Smith, Hannah Weinert, Christopher M. Smith, and Callie Weinert are **DISMISSED WITH PREJUDICE**;

2. Sibling Beneficiaries Betsy Martin Smith, Janet Bertolino, and Susan Weinert are necessary parties to the current action and may not be dismissed;

3. To the extent Sibling Beneficiaries Betsy Martin Smith, Janet Bertolino, and Susan Weinert are necessary, they shall remain as real parties in interest; and

4. Any remaining request to strike Plaintiffs' prayers for relief under Counts I and II seeking the imposition of a constructive trust is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, February 23, 2024.

                                                                 s/Thomas M. Rose

                                                  THOMAS M. ROSE
                                      UNITED STATES DISTRICT JUDGE