**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| DANIEL STEWART, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. 3:21-cv-89 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| DAVID W. MARTIN, *et al.*, | : | |
| | : | |
| Defendants. | : | |

---

**ENTRY AND ORDER DENYING DEFENDANTS' MOTION FOR A STAY
PENDING APPEAL (DOC. NO. 180), AND DENYING PLAINTIFFS' DANIEL
STEWART AND RACHEL KOSOFF'S RULE 58(e) MOTION TO DEEM
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES A RULE 59 MOTION
(DOC. NO. 185)**

---

Currently before the Court are Defendants' Motion for a Stay Pending Appeal ("David's Motion" or, in context, "his Motion") (Doc. No. 180), and Plaintiffs' Daniel Stewart and Rachel Kosoff's Rule 58(e) Motion to Deem Plaintiffs' Motion for Attorneys' Fees a Rule 59 Motion ("Plaintiffs' Motion" or, in context, "their Motion") (Doc. No. 185) (collectively, the "Motions"). These Motions follow the Court's recent entry denying Defendant David W. Martin's ("David") motion for relief from the instant judgment in favor of Plaintiffs Daniel Stewart ("Daniel") and Rachel Kosoff ("Rachel") (collectively, "Plaintiffs").[1] (*See* Doc. No. 176.) In brief, David appealed the Court's decision after Plaintiffs filed their amended motions for prejudgment interest and attorneys' fees. (*See* Doc. Nos. 177-179.) Now, David moves to stay proceedings on those two motions, pending his appeal to the Sixth Circuit, on the ground that such a stay will serve

---

[1] The Court means no disrespect in referring the Parties by their first names. Rather, the Court only does so to maintain consistency with other entries on the record.

1

judicial economy in the event of a reversal. (Doc. No. 180 at PageID 2814.) Part-and-parcel of their response to David's Motion, Plaintiffs' Motion seeks to convert their pending motion for attorneys' fees into a motion filed pursuant to Fed. R. Civ. P. 59(e). (Doc. No. 185 at PageID 2849.)

For the reasons discussed below, the Court **DENIES** the Parties' Motions.

I.      **BACKGROUND**

The facts of this matter are well-known, so the Court only highlights developments in the case since denying David's motion for relief from judgment. When the Court denied David relief from judgment, on December 2, 2025, it also ordered Plaintiffs to submit amended motions concerning issues like attorneys' fees and prejudgment interest within fourteen days. (Doc. No. 176 at PageID 2731-32.) Plaintiffs timely complied with this directive on December 16, 2025, by submitting their amended motions for prejudgment interest and attorneys' fees. (*See* Doc. Nos. 177 & 178.) Subsequently, on January 2, 2026, David filed his notice of appeal and his current Motion. (Doc. Nos. 179 & 180.) Plaintiffs lodged their response in opposition to David's Motion on January 16, 2026, and essentially supplemented that response with their Motion. (Doc. Nos. 184 & 185.) David offered a reply brief in support of his Motion on January 30, 2026 (Doc. No. 186), but David filed no response to Plaintiffs' Motion within the time allowed by local rule. Accordingly, both Motions are now ripe for review and decision.

To further contextualize the procedural posture from which to examine the Parties' Motions, the Court takes judicial notice of the Sixth Circuit Court of Appeals' docket concerning this action. (*See* USCA Case No. 26-3009, Docket Sheet.) The Sixth Circuit opened David's appeal on its docket on January 6, 2026. (*Id.*, Doc. 1.) Plaintiffs' counsel entered his appearance in the appeal on January 13, 2026 (*id.*, Doc. 10), three days before Plaintiffs' Motion and Plaintiffs'

2

response to David's Motion in this case. The Sixth Circuit then set a merits-briefing schedule for the Parties on January 27, 2026. (*Id.*, Doc. 18.) The first brief in that appeal, David's, is due by March, 9, 2026. (*Id.*, Doc. 18 at Page 1.)

## II.     ANALYSIS

The crux of the dispute underlying both Motions here is that David would like to pursue his appeal without having to focus on potentially moot issues still pending before this Court. (*See* Doc. No. 180 at PageID 2812.) Meanwhile, Plaintiffs maintain that the Court must rule upon their motion for prejudgment interest before David's appeal can be rendered effective in the first place. (Doc. No. 184 at PageID 2845.) By their Motion, Plaintiffs work to expand that argument to their pending motion for attorneys' fees as well. (Doc. No. 185 at PageID 2851-52.) The Court considers David's Motion and Plaintiffs' Motion in turn.

### a.   David's Motion

The arguments contained in David's Motion center almost entirely around the preservation of judicial economy. (Doc. No. 180 at PageID 2812-14.) In plain terms, David essentially argues that, because the Sixth Circuit is going to reverse this Court's decision to deny David relief from judgment, it would be a complete waste of resources to proceed with respect to Plaintiffs' motions for prejudgment interest and attorneys' fees. (*Id.* at PageID 2814 ("Deciding these issues now would waste judicial resources were the Sixth Circuit to reverse").)

On the other side of the "v.," Plaintiffs contend that David's notice of appeal is ineffective to begin with, until the Court rules on Plaintiffs' motion for prejudgment interest. (Doc. No. 184 at PageID 2845.) Plaintiffs reason that, as their motion for prejudgment interest constitutes a motion under Fed. R. Civ. P. 59(e) to alter or amend the underlying judgment, the Parties' time to appeal has been tolled accordingly. (*Id.* at PageID 2845-47.) According to Plaintiffs' logic,

David's notice of appeal is consequently ineffective and proceedings here should not be stayed. (*Id.* at PageID 2845-47.)  Plaintiffs Motion—discussed in more detail below—seeks to fold Plaintiffs' motion for attorneys' fees into this argument by converting said motion into a motion filed pursuant to Rule 59(e).  (Doc. No. 185 at PageID 2852-54.)

Generally, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket."  *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  Upon stating this principle in *Landis*, the Supreme Court also declared that courts' discretion in this regard does have limits—for example, where the court issues "a stay of indefinite duration in the absence of a pressing need."  *Id.* at 255.  Rather, a court's discretion is to be guided by "the exercise of judgment, which must weigh competing interests and maintain an even balance."  *Id*. at 254-55 (citing *Kansas City Southern R. Co. v. United States*, 282 U.S. 760, 763 (1931); *Enelow v. New York Life Ins. Co.*, 293 U.S. 379, 382 (1935)).  Along these lines, "the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else."  *Landis*, 299 U.S. at 255.

In accordance with the framework provided in *Landis*, "court[s] balance[] the traditional factors governing injunctive relief in ruling on motions to stay pending appeal."  *Baker v. Adams Cnty./Ohio Vall. Sch. Bd.*, 310 F.3d 927, 928 (6th Cir. 2001).  As such, a party requesting a stay pending appeal pursuant to a court's inherent authority must clearly demonstrate: (1) "a strong or substantial likelihood of success on the merits," though it is sufficient to "demonstrate at least serious questions going to the merits …"; (2) that he "will suffer irreparable harm if the district court proceedings are not stayed"; (3) that any substantial harm a stay would cause to other interested parties is outweighed by irreparable injury to the movant; and, (4) "where the public

interest lies." *Baker*, 310 F.3d at 928 (citing *Grutter v. Bollinger*, 247 F.3d 631, 632 (6th Cir. 2001); *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). In any event, a movant will only be entitled to a stay where he can establish some modicum of both a likelihood of success on the merits and irreparable harm. *Baker*, 310 F.3d at 928 (citing *In re DeLorean Motor Co.*, 755 F.2d 1223,1229 (6th Cir. 1985)).

By these standards, the Court finds that it would constitute an abuse of discretion to grant David the stay that he seeks. Plaintiffs' motion for prejudgment interest stands as a Rule 59(e) motion to alter or amend the judgment at issue because "prejudgment interest 'is an element of [Plaintiffs'] complete compensation.'" *Osterneck v. Ernst & Whitney*, 489 U.S. 169, 175 (1989) (quoting *West Virginia v. United States*, 479 U.S. 305, 310, and n. 2 (1987); citing also *Gen. Motors Corp. v. Devex Corp.*, 461 U.S.648, 655-56 (1983)). Moreover, the Federal Rules of Appellate Procedure provide that a notice of appeal filed while a motion to alter or amend judgment under Fed. R. Civ. P. 59 remains pending—as David has done here—will not amount to an effective notice of appeal until an "order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(b). In other words, the Sixth Circuit is likely unable to reach the merits of David's appeal until this Court rules on Plaintiffs' motion for prejudgment interest. The Court finds that David cannot demonstrate a likelihood of success on the merits of his appeal if his notice of appeal is not effective.

Additionally, the Court finds that David cannot demonstrate any likelihood that he will face irreparable harm in the absence of a stay. Indeed, David does not argue that he will be irreparably injured without a stay. At most, David could contend that being made to litigate Plaintiffs' motions for prejudgment interest and attorneys' fees could subject him to potentially substantial financial injury. But, "'[m]ere injuries, however substantial, in terms of money, time

and energy necessarily expended in the absence of a stay, are not enough.'" *Baker*, 310 F.3d at 930 (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). Thus, the Court finds that David will not suffer irreparable injury absent a stay of these proceedings.

In sum, David cannot presently demonstrate any combination of a likelihood of success and irreparable injury to justify granting a stay pending appeal. Accordingly, David's Motion is **DENIED**.

### b. **Plaintiffs' Motion**

Turning to Plaintiffs' Motion, Plaintiffs seek to convert their pending motion for attorneys' fees into one to alter or amend judgment under Fed. R. Civ. P. 59(e). (Doc. No. 185 at PageID 2849.) In support of their Motion, Plaintiffs claim that converting their request for attorneys' fees into a Rule 59 motion will help to prevent piecemeal appeals of this matter. (*Id.* at PageID 2853-54.) So their argument goes, because this case is likely to be appealed no matter what, it is most appropriate to ensure that all appealable issues are considered at once. (*Id.*)

As an initial matter, Fed. R. Civ. P. 58(e) grants district courts the discretion to convert a timely motion for attorneys' fees into a Rule 59 motion, so long as the decision is made before a notice of appeal is filed and becomes effective. However, whether a motion for fees is appropriately cast as a Rule 59 motion is dependent upon the request's relationship to the merits of the underlying action. *Buchanan v. Stanships, Inc.*, 485 U.S. 265. 267 (1988) (citing *White v. New Hampshire Dept. Of Emp. Sec.*, 455 U.S. 445, 451-52 (1982)). Where a claim to costs and fees originates from an independent source, the issue is considered "wholly collateral to the judgment in the main cause of action, … to which Rule 59(e) was not intended to apply." *Id.* at 268-69.

Plaintiffs motion for attorneys' fees is such a motion raising issues wholly collateral to the

6

judgment here.  Plaintiffs seek attorneys' fees pursuant to Fed. R. Civ. P. 54(d)(2) and, substantively, Ohio Rev. Code § 5810.04.  (Doc. No. 139 at PageID 2032; *see also* Doc No. 178 at PageID 2738.)  Without the benefit of briefing, the Court will not speak to the merits of Plaintiffs' motion for attorneys' fees under Ohio Rev. Code § 5810.04.  Yet, it does bear noting that Section 5810.04 is an entirely separate statute from the one which carried Plaintiffs' underlying action.  In essence, Ohio Rev. Code. § 5810.04 affords for the award of costs and fees "[i]n any judicial proceeding involving the administration of a trust."  Plaintiffs' motion for attorneys' fees then seeks an award of those expenses, not as a change to the judgment in their favor, but because a judgment in their favor has been issued.  Therefore, Plaintiffs' pending motion for attorneys' fees does not seek the type of relief encompassed by Fed. R. Civ. P. 59 and Plaintiffs Motion currently at issue is **DENIED**.

### III.    CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Defendants' Motion for a Stay Pending Appeal (Doc. No. 180), and **DENIES** Plaintiffs' Daniel Stewart and Rachel Kosoff's Rule 58(e) Motion to Deem Plaintiffs' Motion for Attorneys' Fees a Rule 59 Motion (Doc. No. 185).  In keeping with the Court's prior order, issued on December 2, 2025, Defendant David W. Martin shall file his respective responses, if any, to Plaintiffs' Daniel Stewart and Rachel Kosoff's Amended Motion for Pre-Judgment Interest (Doc. No. 177), and Plaintiffs' Daniel Stewart and Rachel Kosoff's Amended Motion for Attorneys' Fees (Doc. No. 178), within **fourteen (14) days of this Order**.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, February 23, 2026.

s/Thomas M. Rose

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE